ATLANTIC MILLS v. THE SUPERIOR COURT.

APRIL 21, 1911.

PRESENT:   Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Pleading.  Amendment.  Entry of Judgment.*

After a demurrer had been sustained on substantial grounds, April 21, 1908, plaintiff did not except to such decision, but on June 30, 1908, moved to amend the declaration.

*Held*, that, the court had authority in its discretion to permit such amendment before the entry of judgment.

(2)  *Amendment.  New Cause of Action.  Statute of Limitations.*

Where an amendment to a declaration does not state a new or a different cause of action than the one originally and insufficiently declared upon, but is merely a more detailed explanation of a fact stated in the original declaration, the superior court has discretion to permit the amendment, although the period of the statute of limitations has elapsed.

*Blodgett, J., dissents.*

CERTIORARI.   Writ abated.


DUBOIS, C. J.   The petitioner has brought the following petition for writ of certiorari.

"The Atlantic Mills, a corporation organized under the laws of the State of Maine, and which formerly carried on business in Providence, in the county of Providence, in said State of Rhode Island, brings this, its petition for a writ of certiorari, to the Superior Court for said Providence county, and thereupon shows:

"(1)   That heretofore, to wit, on the 7th day of February, A. D. 1899, John Kolinova, of said Providence, was employed by the petitioner in its factory at said Providence, and while so employed he suffered personal injuries while operating a machine in one of the departments of said factory.

"(2)   Thereafterwards, to wit, on the 15th day of December, A. D. 1904, said John Kolinova brought suit against your

petitioner in the common pleas division of the Supreme Court for said Providence county, for the purpose of recovering from your petitioner damages for the said injury by him sustained.

"(3)    In said suit issue was duly framed and it was tried to a jury in the Superior Court on the 2nd day of January, A. D. 1907. On the third day of January, A. D. 1907, at the close of the testimony for the plaintiff the Justice there presiding, on your petitioner's motion, granted a non-suit. Said John Kolinova took no further steps in said suit, and thereafterwards in due course a judgment of non-suit was entered in favor of your petitioner and against said John Kolinova.

"(4)    Thereafterwards, to wit, on the 18th day of December, A. D. 1907, by writ issuing from said Superior Court for said Providence county, said John Kolinova commenced another suit against your petitioner to recover damages for his said injuries, and in due course said last mentioned writ and declaration were entered in said Superior Court, and the record thereof is No. 23821 on the records of said Superior Court. Your petitioner demurred to said declaration on substantial grounds, and on April 21, A. D. 1908, after argument on said demurrer, said Superior Court sustained the same.

"(5)    Said John Kolinova did not take or file any exception to said decision of said Superior Court sustaining said demurrer, and he did not prosecute a bill of exceptions to this Honorable Court for the purpose of reversing said decision, and no motion operating as a stay of judgment was filed in said suit and there was no express order of said Superior Court for the entry of said judgment on any day whatever; but on the 30th day of June, A. D. 1908, said John Kolinova did file in said Superior Court a motion to be permitted to amend his said declaration; and on July 6, 1908, after hearing upon this motion, and over your petitioner's objection, said Superior Court granted said motion.

"(6)    Thereafterwards, to wit, on the 10th day of July, A. D. 1908, your petitioner moved said Superior Court for a rehearing of said motion to amend, and for the disallowance thereof and after hearing on said last mentioned motion, to wit, on the 27th

day of August, A. D. 1908, said Superior Court refused and denied the same.

"(7)   Your petitioner now alleges that said Superior Court erred in permitting said amendment to said declaration, under the circumstances above set forth, for the reason that under the statute in such case made and provided judgment had, or ought to have been entered for your petitioner, and it was then too late to permit said amendment.

"Wherefore your petitioner prays that this Honorable Court issue its writ of certiorari ordering said Superior Court to certify its records relating to said amendment to said declaration in the suit commenced against your petitioner by said John Kolinova by writ issuing from said Superior Court on the 18th day of December, A. D. 1907, and all records bearing thereon; that they may be presented to this Honorable Court to the end that the same, or so much thereof as may be illegal, may be quashed.

"Causes of error:

"(1)   The granting of said motion to amend said declaration was erroneous and illegal.

"(2)   The refusal of said Superior Court to grant your petitioner's motion for a rehearing and for the dismissal of said motion to amend said declaration was erroneous and illegal.

"(3)   That under the statute judgment was, or ought to have been, entered for your petitioner on the 7th day following the day of the decision on said Demurrer, and the said motion to amend said declaration was too late, and said Superior Court had neither power, right nor jurisdiction to grant the same."

After hearing the said petition this court entered the following rescript:

"A majority of the court is of the opinion that the Superior Court had authority in its discretion to permit the plaintiff in the case of *Kolinova* v. *Atlantic Mills*, to amend his declaration under C. P. A. § 261, now Gen. Laws, 1909, cap. 285, § 4, before the entry of judgment in the case, upon motion. But inasmuch as the question is also raised, as to whether the Superior Court had jurisdiction to allow an amendment to the

declaration in matter of substance, after the period of the statute of limitations had elapsed, this question cannot be determined except upon comparison of the original declaration with the amended declaration.

"Therefore the petition of said Atlantic Mills for a writ of certiorari should be granted and the writ will issue accordingly, in order that this court may be fully advised as to the nature and extent of the amendment.

"The case will stand for hearing upon the question above suggested."

The writ accordingly issued and the papers in the case of *John Kolinova* v. *Atlantic Mills*, were transmitted to this court. Among them we find the following rescript which sets forth the reasons which led the presiding justice of the Superior Court to sustain the defendant's demurrer to the plaintiff's declaration:

"The declaration alleges that as a laborer employed by the defendant, it was the plaintiff's duty to remove from and restore to a certain machine in the defendant's establishment certain rolls or shells; that in order to remove said rolls it was necessary to stop the motion of the machine; that attached to said machine was a lever; that if said lever was moved in one direction the motion of the machine was stopped, and if said lever was moved in the opposite direction the machine was set in motion; that on the day of the occurrence complained of the plaintiff was engaged in removing from and restoring to said machine said rolls; that said lever, when moved in such a manner as would normally have stopped the motion and operation of said rolls or shells, returned to its original position with the result that said rolls or shells suddenly resumed their motion and operation.

"This does not state a case of emergency which would excuse on the part of the plaintiff a momentary forgetfulness of the unprotected condition of the gearing on said machine or the neglect of due care for his own safety. If, as the court understands, the plaintiff alleges that the shipper when placed in a position to stop the machine automatically returned to its former place and started the machine, this was a defect in the machine and if this defective action of the machine produced

a condition of sudden danger to the plaintiff or of threatened injury to others or to the property of the defendant, to avert which very rapid action was demanded of the plaintiff, that would present an instance of emergency, perhaps excusing the exercise of ordinary presence of mind and care on the part of the plaintiff.

"As to remove the rolls it was necessary that the machine should be at rest, in order to continue his labor it was necessary for the plaintiff to again throw off the shipper, but there is nothing in the circumstances alleged that shows any necessity for haste or that presents any different condition than when the shipper is ordinarily thrown off on the instant when required.

"If there was no condition creating an emergency when the machine automatically started, the allegation with regard to the sudden appearance of steam does not create such an emergency. If by reason of the presence of steam the plaintiff could not see the machine, gears or lever, the condition is not different from that of the sudden extinguishment of lights in a mill operated at night.    When the lever was obscured the plaintiff should have arrested the motion of his hand or should have proceeded with the caution required by the new condition.

"Demurrer to declaration sustained."

It also appears from an inspection of the amended declaration that the amendment is accomplished by the addition of the following clause to each count of the declaration: "That the said plaintiff was then and there caused by said outburst of steam in manner aforesaid to suddenly and involuntarily shift the position of his body with the result that his said hand, instead of being withdrawn in the same line in which it had been projected was drawn by the said involuntary shifting of his body across said gearing apparatus of said machine."    This amendment is in terms an amendment in matter of substance and it does not purport to be merely formal.    However, it does not state a new cause of action or a different cause of action than the one originally and insufficiently declared upon.    The defendant was notified by the original declaration that the plaintiff sought to excuse his apparent contributory negligence in getting his

hand caught in the uncovered gearing whereof he had knowledge by setting up an emergency created by the sudden and unex-
(2) pected outburst of steam. The plaintiff continues to rely upon the emergency but enters into a more detailed and amplified explanation of the cause and effect of the same. He now sets out with more particularity the manner in which the steam operated not only to confuse and blind him but to cause him to assume a position which without his knowledge or consent and against his will was more dangerous than he had any reason to suppose or expect and in which he had less opportunity to protect himself than he otherwise would have had.

In these circumstances we are of the opinion that no new cause of action is presented by the amendment and that the action of the court in permitting such amendment to be made was within its discretion under the provisions of the statutes hereinbefore referred to.

For these reasons the writ of certiorari is abated.

BLODGETT, J., dissenting. The demurrer to the original declaration in this case was sustained as substantial by the Superior Court and no exception to that ruling was taken by the plaintiff, nor is the correctness thereof now questioned. The fourth ground of said demurrer was as follows: "It does not appear by any of the counts in said declaration that the plaintiff has any cause of action against this defendant." The effect in law of the decision sustaining said demurrer was to determine that the plaintiff had not stated any cause of action, and that the defendant was not bound to answer in any way the allegations of the declaration. Both these questions have thus been judicially and conclusively determined by a competent tribunal and constitute the law of this case. If the amendment to the declaration now states a cause of action, a cause of action is thus stated for the first time. Heretofore it has been in law as though a blank declaration or no declaration had been filed. Consequently it is as if a declaration were now filed and a cause of action stated for the first time and after the statute of limitations has confessedly run. If the amendment now sets forth no cause of action its allowance is obviously futile.

For these reasons I am unable to agree with the opinion of the majority of the court.

*Comstock & Canning, Patrick P. Curran,* for petitioner.

*James J. McCabe,* for respondent.