ESTHER COHEN *et al.,* vs. SUPERIOR COURT.

JUNE 8, 1916.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Equity. Final Decree. Following Travel of Case. Certiorari.*

After decision in favor of complainant a form of final decree was presented for entry of which respondent had notice. Thereupon respondent moved for leave to reopen the cause and thereafter the court denied the motion and ordered the entry of the final decree previously presented.

More than fourteen months later respondent moved that the decree "be vacated or entered as of such date as respondent may have notice," on the ground that it was entered without notice to respondent. On *certiorari:*

*Held,* that the motion to reopen the cause and the entry of final decree in the circumstances of the case did not require a formal hearing or notice to respondent, nor could the acts of the justice in the premises be reviewed by *certiorari,* since it was the duty of respondent to follow the travel of the case, and if aggrieved by the decree to take appropriate appellate proceedings, nor was any duty imposed upon the clerk to notify respondent of the action of the court.

*Held,* further, that the power of the court to set aside its decree was limited to six months after entry, and a final decree in equity could not be amended on motion after the expiration of a year from entry.

*(2) Certiorari.*

*Certiorari* lies to review the action of an inferior tribunal taken without jurisdiction or in excess of its jurisdiction, but not to correct errors in the exercise of jurisdiction. While the writ has been somewhat extended in this state by statute and by the decisions of the court for the purpose of carrying out the revisory and appellate power of the court under the constitution, its scope has never been extended to the consideration of alleged error for the correction of which other remedy is expressly provided.

*(3)  Final Decree.  Reopening Case.  Certiorari.*

After decision and before entry of final decree whether or not a case may be reopened and further evidence produced is within the discretion of the justice presiding and his action cannot be reviewed by *certiorari*.

*(4)  Equity.  Appeal.  Certiorari.*

A party aggrieved by final decree in equity has his remedy by appeal, and where appeal has been lost, *certiorari* will not lie for under Gen. Laws, cap. 297, § 3, the Supreme Court may on petition filed within one year after entry of final decree, allow an appeal to be taken, by a party who has failed to claim an appeal through accident, mistake, unforeseen cause or lack of evidence newly discovered.

CERTIORARI.  Heard and writ dismissed.

SWEETLAND, J.  This is a petition for a writ of *certiorari* to be directed to the Superior Court, ordering said court to certify for our inspection its records relating to the cause in equity, entitled *Samuel Kessler* v. *Esther Cohen et al.*, to the end that so much of said record as is illegal may be quashed. A writ of *certiorari* has issued, as prayed for and said record has been certified to us.

It appears by said record that on May 19, 1914, said cause was heard by a justice of the Superior Court upon bill, answer and proofs.  At the conclusion of the hearing said justice decided all the issues in the cause in favor of the complainant therein, said Samuel Kessler.  Thereafter and before May 23, 1914, the solicitor for said Kessler presented for entry in said cause a form of final decree, drafted in accordance with the findings and decision of said justice. Of this the respondents in said cause, who are the petitioners now before us, had notice.  On May 23, 1914, the solicitors for the respondents moved for leave to reopen the cause and to introduce further evidence.  A hearing was had on this motion and an affidavit in support thereof was filed by solicitors for the respondents.  Thereafter on July 10, 1914, said justice denied the motion and on the same day the form of final decree previously presented by the complainant's solicitor was entered in the Superior Court by order of said justice.  On October 1, 1915, more than fourteen months

after the entry of final decree the respondents moved in the Superior Court "that the decree heretofore entered in said case be vacated or entered as of such date as counsel for respondents may have 'notice;" and in the Superior Court on October 22, 1915, the respondents moved that said decree entered on July 10, 1914, be revoked, cancelled or annulled on the ground that the same was entered without notice to the respondents. On October 22, 1915, the respondents also moved in the same court that the record in said cause be amended in certain particulars, which appear to us to be entirely immaterial. Each of these three motions was denied by said justice of the Superior Court.

The respondents in their petition for the writ of *certiorari* set forth certain alleged errors of said justice as follows: that said justice erred in not notifying the respondents or their counsel of the hearing on the motion to reopen said cause and of the hearing on the entry of final decree; that said justice erred in hearing said motion and entering said decree without notice to the respondents or their counsel, and in denying the motions of the respondents filed on October 1 and October 22, 1915. The petition for the writ of *certiorari* also alleges that it was the duty of the clerk of the Superior Court to notify the respondents or their counsel of the decision of said justice on the motion to reopen the case and of the entry of final decree.

None of the acts of said justice complained of were erroneous nor can such matters be reviewed by us upon a writ of *certiorari*. Said motion to reopen the cause and the entry of final decree in the circumstances of the case did not require a formal hearing or notice to the respondents. Said justice had heard the cause and given his decision; within the knowledge of the respondents a decree in accordance with said decision had been presented to said justice for entry; the respondents had filed their motion to reopen the cause and had filed the affidavit of their solicitor wherein were fully set out the grounds of their motion to reopen. It then became the duty of the respondents without further

notice to follow in the clerk's office the travel of the cause. If upon the entry of final decree they considered themselves aggrieved thereby they might take appellate proceedings to this court in accordance with the statute if they so desired. It was not the legal duty of the clerk to notify the respondents or their solicitors of the court's decision on the motion to reopen the case or of the entry of final decree. The respondent's motions to vacate the final decree were properly denied. In accordance with the provision of the statute, the power of the Superior Court to set aside its decrees in equity on motion is limited to a period of six months after the entry thereof. This court has held that a final decree in an equity cause cannot be amended on motion or petition after the expiration of a year from the entry of such decree. *Fitch* v. *Richard*, 18 R. I. 617. We have said that there was no error in the action of said justice and that said petition did not set out the neglect of any legal duty on the part of the clerk of the Superior Court. We also hold that the matters complained of in the petition cannot be brought before us on *certiorari*. The primary office of a writ of *certiorari* is to review the action of an inferior tribunal taken without jurisdiction or in excess of the jurisdiction given to it; and such writ ordinarily does not lie to correct error in the exercise of jurisdiction. The office of the writ has been somewhat (2) extended in this State by statute and by the decisions of this court for the purpose of carrying out the revisory and appellate power conferred on this court by the constitution; but the scope of the writ has never been extended to the consideration of alleged error, for the correction of which other remedy is expressly provided.

After decision and before the entry of final decree whether (3) or not a case may be reopened and further evidence produced is a matter within the discretion of the justice presiding, and his action in that regard cannot be reviewed in *certiorari*. If a party in an equity cause is aggrieved by the final decree of the Superior Court his remedy is by appeal. After the statutory period has elapsed within which an

(4) appeal may be taken the aggrieved party will not ordinarily be heard to say that he was unaware of the entry of the final decree; for having been made a party to the suit it is his duty to attend to it through all its stages or suffer the consequences of his neglect.   In some jurisdictions *certiorari* has been permitted as a substitute for an appeal lost, but to be granted that relief the party aggrieved must clearly show that he has lost the opportunity to appeal through no · neglect on his part.   The writ however is not available for that purpose in our practice as our statute, Chapter 297, Section 3, General Laws, 1909, provides that this court on petition filed within one year after the entry of final decree may allow an appeal to be taken and prosecuted by a party aggrieved who has failed to claim an appeal "from accident, mistake, unforeseen cause or lack of evidence newly discovered."   Nor after one year from the entry of final decree can the writ of *certiorari* be permitted as a substitute for an appeal lost, for the period within which relief must be sought ` will be limited to one year after the entry of final decree as fixed in the statute.

The writ of *certiorari* is dismissed.   The record in the cause, entitled *Samuel Kessler* v. *Esther Cohen et al.*, sent to us by the Superior Court, is remitted to said court.

*J. Jerome Hahn, Raymond P. McCanna*, for petitioners.

*P. H. Mulholland*, of counsel.

*John P. Beagan*, for respondent.