JOHN H. FISH *vs.* EARL FIELD ET AL., EXRS.

MARCH 23, 1917.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, and Baker, JJ.

(*1*) *Probate Appeals. Accident, Mistake, and Unforeseen Cause.*

Gen. Laws, 1909, cap. 285, § 1, " Whenever any civil action (except in a district court) or whenever any appeal, shall not be entered according to law, the court to which the same is returnable may, in case of accident, mistake, or unforeseen cause, in its discretion, allow the same to be entered with or without terms," does not apply to a probate appeal, but the procedure to be followed on such appeals is that provided by Gen. Laws, 1909, cap. 311, § 1, and where such procedure has not been followed, the Superior Court is without jurisdiction to permit the appeal to be entered under cap. 285, § 1.

(*2*) *Probate Appeals.*

Where an appellant in a probate appeal files his claim of appeal in the probate court within the forty days, but fails within the fifty days to file in the Superior Court a certified copy of his claim of appeal and of the record of the proceedings appealed from, and his reasons of appeal, while under Gen. Laws, cap. 311, § 2, further time can be granted to file the certified copy of the record of the proceeding appealed from, the failure to file the certified copy of the claim of appeal and the reasons of appeal prevents the Superior Court from acquiring jurisdiction.

(*3*) *Probate Appeals. Jurisdiction.*

Where a probate court has original jurisdiction, the Superior Court acquires jurisdiction only by the taking of the steps necessary for perfecting an appeal.

PETITION to enter probate appeal. Heard on exception of petitioner and overruled.

BAKER, J.   This is a petition filed in the Superior Court October 11, 1916, in which the petitioner represents " that from accident, mistake and unforeseen cause his appeal from a certain decree of the Municipal Court of the City of Providence," entered December 7, 1915, admitting to probate an instrument in writing as the will of John P. Fish, deceased, " was not entered in the Superior Court according to law, and therefore prays said Superior Court to allow him to enter his said appeal by filing his reasons of appeal . . . and a certified copy of the proceedings appealed from, and that . . . he be granted further time to give notice, make service," *etc.* The petition was denied " on the ground of lack of jurisdiction." The petitioner excepted to this decision and has duly brought the matter before this court on this single exception.

The petitioner claims that the Superior Court had jurisdiction to grant his petition under Section 1 of Chapter 285 of the General Laws, which is as follows: " Whenever any civil action (except in a district court) or whenever any appeal shall not be entered according to law, the court to which the same is returnable may, in case of accident, mistake, or unforeseen cause, in its discretion, allow the same to be entered with or without terms: Provided, that if the same be not entered according to law, in the first instance, all attachments and arrests made therein shall be thereby vacated."

The appellees on the other hand claim that Section 1 of Chapter 311 of the General Laws sets out the procedure to be followed on appeals from courts of probate, and that this procedure not having been followed, the Superior Court never acquired jurisdiction of the matter referred to in the petition.

Section 1 of Chapter 311 is as follows: " Any person aggrieved by an order or decree of a court of probate may, unless provision be made to the contrary, appeal

therefrom to the Superior Court for the county in which such probate court is established, by taking the following procedure:

"*First.* Within forty days after entry of the order or decree he shall file in the office of the clerk of the probate court a claim of appeal to the superior court and a request for a certified copy of said claim and the record of the proceedings appealed from, and shall pay the clerk his fees therefor.

"*Second.* Within fifty days after the entry of such order or decree the appellant shall file in the superior court a certified copy of said claim and record and his reasons of appeal specifically stated, to which reasons the appellant shall be restricted, unless, for cause shown, and with or without terms, the superior court shall allow amendments thereof and additions thereto."

We are of the opinion that the claim of the appellees is correct and that Section 1 of Chapter 285 does not (1) refer to a probate appeal. From 1798 down to the present time there has always been a statute regulating in essentially the same manner the entry of actions and appeals, and contemporaneously a statute specifying a different procedure in a probate appeal. For example, Section 2 of "An Act prescribing the Manner of Proceeding in courts" as it appears on page 161 of the revision of 1798 is as follows: "*And be it further enacted,* That all actions in the Supreme Judicial Court, and Courts of Common Pleas, brought there originally, or by appeal or review, shall be entered on the first or second day of the term, and not afterwards, without special leave of the Court, which they are hereby empowered to grant, in case the party who brought the action to the same Court, and whose duty it was to enter it, was prevented from so doing by mistake, inevitable accident or misfortune."

Section 3 of "An Act establishing Courts of Probate"

in the same revision on page 277 provides " that any person or persons, aggrieved at any order, sentence or decree, of any Court of Probate, may appeal therefrom. to the Senate, who are hereby constituted and ordained the Supreme Court of Probate throughout this State," provided that " the appeal be claimed within one year next after such order, sentence or decree, shall have been made," that the person so appealing shall give bond to pay intervening costs and damages, and provided also that the appellant " shall, within ten days after giving such bond, file his reasons of appeal in the office of the Secretary of this State for the time being, who is hereby constituted Clerk of the Supreme Court of Probate " and shall give notice to the adverse party as prescribed in the statute.

Section 2 of the act prescribing procedure in courts as above given appears unchanged in the Revised Laws of 1822 as Section 2 on page 123. Section 3 of the probate act on page 212 of the revision of 1822 provides for an appeal by a person aggrieved " to the Supreme Judicial Court, to be holden in the county to which such court of probate may belong," in the same manner as stated above, except that the appeal must be claimed within sixty days after entry of the decree appealed from. In the revision of 1844 the provision for the entry of " all actions and appeals " appears on page 126 as Section 1 and the provisions regulating probate appeals on pages 228 and 229, Sections 16, 17 and 18. Some changes, verbal and in substance, appear, but it is not now important to note any of them, except the one requiring the probate appeal to be claimed within forty days. In the revision of 1857 the provision relating to the entry of " actions and appeals " appears as Sections 1 and 2 of Chapter 184 and the provisions regulating probate appeals as Sections 1, 2 and 3 of Chapter 153 and both are substantially as they appear in the revision of 1844.

In the revisions of 1872 and 1882 no change was made relative to the entry of actions and appeals, and none as to probate appeals, except that in 1882 the appellant was required to file with his reasons of appeal a copy of the proceedings appealed from, with power on the part of the court under certain conditions to grant additional time for filing said copy and for giving notice to the adverse party.

In the Judiciary Act passed May 19, 1893, Chapter 15, Section 1, relating to the entry of actions, is written in the precise form in which it has since appeared as Section 1 of Chapter 235 of the General Laws of 1896 and Section 1 of Chapter 285 of the General Laws of 1909. Chapter 28 of the Judiciary Act prescribes the method of taking probate appeals, requiring the appeal to be claimed within forty days, but introducing changes contingent upon the claiming of a jury trial. This chapter appears with little change as Chapter 248 of the revision of 1896. By the Court and Practice Act passed in 1905 in Sections 796 and 797 the procedure in probate appeals was established as it now appears in Sections 1 and 2 of Chapter 311 of the General Laws of 1909.

If it were necessary to decide the point, there are strong reasons for holding that in all of these statutes concerning the entry of actions the words " appeal " and " appeals " refer only to appeals in " actions " or " civil actions." In the revisions of 1798 and 1822 the reference is to " all actions in the Supreme Judicial Court or Courts of Common Pleas brought there originally, or by appeal." The change in 1844 to "All actions and appeals," followed in 1857, 1872 and 1882, might perhaps be held to enlarge the meaning of the word " appeals," if the chapters in the different revisions wherein these words are found had any apparent reference to proceedings other than actions at law, the pleadings therein, the amending thereof and similar matters.

Our statutes in their different revisions show that until the passage of the Judiciary Act in 1893 the ordinary method of taking up actions at law from inferior courts was by appeal, and that it was then altered by providing for a claim of jury trial and a certification of the case. In the Judiciary Act we have the language, " Whenever any civil action . . . or whenever any appeal," and this is retained in the revision of 1896, in the Court and Practice Act, and in Section 1 of Chapter 285 of our present General Laws. The language of the *proviso* of the section is obviously appropriate only to an action at law.

Title XXX in the General Laws has as its subject " Of Actions, of Pleading and Practice, and of Procedure in Courts," and embraces Chapters 283 to 298, both inclusive. The caption of Chapter 283 is " Of Civil Actions," but the chapter in no manner treats of probate proceedings. In Vol. I of Encyc. of Pl. & Pr. 112, it is stated that, " It may be said generally that any proceeding in a court which was not, under the common law and equity practice, either an action at law or a suit in chancery, is a special proceeding." "A proceeding in a court of probate, or any probate proceeding in a court of general jurisdiction, is a special proceeding." We think, therefore, that there is substantial ground for a claim that " appeal " in Section 1 of Chapter 285 refers to an appeal in a civil action, otherwise an action at law. However this may be, these different but contemporaneous legislative enactments for over a century respecting the entry of actions and of taking probate appeals in our judgment show beyond controversy that Section 1 of Chapter 285 does not apply to probate appeals, but that they are governed by Section 1 of Chapter 311.

In *Kenyon* v. *Probate Court,* 17 R. I. 652, an appeal was taken from a decree of a probate court on the forty-first day after the entry of the decree. The court held

that the forty days prescribed by statute was an essential condition of the appeal, and dismissed the appeal.

(2)　·In this case the petitioner by the affidavits attached to his petition makes allegations which, while not strictly doing so may perhaps be interpreted as showing a compliance with the requirements of Section 1 of Chapter 311 as those requirements are set forth in the sentence following the word " First," and for the purposes of this case these allegations are thus taken. He states, however, that he failed to comply with the requirements of said Section 1 as contained in the sentence following the word " Second," that is, that he did not within fifty days after entry of the decree in question file in the Superior Court a certified copy of his claim of appeal and of the record of the proceeding appealed from and his reasons of appeal. Section 2 of Chapter 311 provides " that for cause shown further time may be granted, with or without terms . . . to file a certified copy of the record of the proceeding appealed from," so that the failure to file this copy of the record is not of necessity a fatal error. There is no provision, however, for filing the certified copy of the claim of appeal and the reasons of appeal after the expiration of fifty days following the entry of the decree, and as the statutory requirement is that " the appellant *shall* file " them, within the time limited, we are of the opinion that the failure to comply with the law in these particulars prevented the Superior Court from acquiring jurisdiction in the premises. As pointed out in *Kenyon* v. *Probate Court, supra,* 17 R. I. 655, the Municipal Court had original jurisdiction, and the Superior Court could acquire jurisdiction, if at all, only

(3) by taking the steps necessary for the perfecting of an appeal from the decree of the Municipal Court. The claim of appeal suspended at least temporarily the decree in question. Section 11, Chapter 311. But the statute has made necessary, in order to bring the appeal into the

Superior Court, the filing of a certified copy of the claim of appeal and the reasons of appeal within a definitely specified time. This is the second step essential to the completion of the appeal. As already appears, this was not done, and accordingly the Superior Court never acquired jurisdiction. Section 5 of Chapter 311 shows that when " the appellant fails to enter his appeal within the time allowed by law " the Probate Court has not lost jurisdiction, but may affirm the decree temporarily suspended by the claim of appeal.

The petitioner's exception is overruled and the case is remitted to the Superior Court for the denial and dismissal of the petition in accordance with its decision.

*Charles S. Slocum,* for petitioner.

*Richard W. Jennings,* for respondent.