IN THE MATTER OF ESTATE OF LUCY WORTHAM JAMES.

FEBRUARY 12, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Condon, J. This is a petition for a writ of *certiorari* to the superior court for the county of Newport. The petitioners, William Greenough of the city of New York, Ralph Hayes of Wilmington, Delaware, and Fulton Trust Company of New York, are the appellees in a cause now pending in that court, entitled: "In the Matter of Estate of Lucy Wortham James, late of the City of Newport, said County and State, Deceased." They are also the executors named in an instrument purporting to be the last will and testament of Lucy Wortham James, which was filed by these petitioners for probate, as the will of a nonresident, in the surrogate's court for the county of New York in the state of New York, and later admitted to probate there as such will. The testatrix was admittedly a legal resident of Rhode Island at the time of her death.

The pending proceeding in the superior court for the county of Newport, above referred to, is an appeal from the decree of the probate court of the city of Newport, denying the petition of William Alfred Bowles, an uncle and heir of the aforesaid Lucy Wortham James, for the appointment of an administrator of her estate. In the course of that proceeding, these petitioners, who were therein recognized as appellees, were adjudged in contempt for their neglect to file the last will and testament of the decedent for probate in Rhode Island, the state of her domicile, in accordance with general laws 1938, chapter 572, § 5. They were at the same time also enjoined from transferring or disposing of any property belonging to the decedent situated either within or without this state until further order of the superior court.

These orders were incorporated in a formal decree, which was duly entered in the superior court on July 5, 1939. According to the terms of that decree, these petitioners were not punished for contempt, but were expressly given an opportunity to purge themselves thereof "by filing in the Probate Court of the City of Newport, on or before the 15th day of September, A. D. 1939, the original will, with codicils thereto, of Lucy Wortham James, deceased." The decree further provided that, in the event of noncompliance by the petitioners, hearing on the punishment to be inflicted for such contempt be continued to the second Monday in October, 1939, to which day the whole cause then pending was continued.

On presenting their petition to us in chambers, the petitioners contended that the superior court, in making such orders and in entering such decree, acted without jurisdiction and in clear violation of their rights as guaranteed to them under the state and federal constitutions. We thereupon allowed the petition to be filed, and citation issued to Bowles and several other heirs of the deceased, who had been joined as appellants in the proceeding in the superior

court, hereinafter referred to as respondents, to show cause why *certiorari* should not issue as prayed for. After hearing the parties in open court, we issued the writ of *certiorari* and, in response thereto, the records and proceedings of the superior court for the county of Newport were sent up to this court for our examination. Respondents filed an answer to the petition and, among other matters, averred that the petitioners did not in their petition set out a case for review by *certiorari* and that said petitioners had another adequate remedy.

Thereafter further hearing was held, at which hearing petitioners and respondents briefed and argued the question whether certain parts of these records and proceedings should be quashed.

Without reciting here the respective contentions of the petitioners and the respondents, we may observe that we have carefully considered all of those contentions and have finally concluded, from our examination of the record certified here, that there is one point which is decisive of the question before us. That point is made by the respondents to the effect that *certiorari* does not lie to quash this record, because the actions taken by the superior court were not final but interlocutory and no extraordinary circumstances are alleged or shown to exist which may occasion substantial harm to the petitioners, if such actions are not immediately reviewed.

It appears from the record that, when the justice of the superior court announced from the bench, at the conclusion of all the evidence, his judgment of contempt on the appellees, the petitioners here, and ordered them enjoined from disposing of the decedent's property, they protested that such judgment and order were beyond his jurisdiction. They argued later, at the hearing on entry of the formal decree embodying his rulings, that he had no authority to inject into the matter then on hearing, the ques-

tion of the propriety or the legality of their conduct in not filing the decedent's will for probate in Rhode Island. They pointed out to him that this question was the subject-matter of a separate and independent appeal from another decree of the probate court of the city of Newport then pending on the calendar of the superior court, but which had not been assigned for hearing with the appeal then on hearing.

They further argued that such other appeal could not be consolidated by him, *sua sponte,* in considering the appeal then on hearing. They also contended that the superior court, sitting as a court of probate appeals under our statute—G. L. 1938, chap. 573, § 17—has only the power to enter such decree as the probate court ought to have entered and that probate courts in this state have no power to issue injunctions, as they have no equity jurisdiction.

All of these contentions were rejected by the trial justice and appellees' exceptions were duly noted. Later they incorporated these exceptions in a bill of exceptions, which the trial justice disallowed on the ground that it was prematurely brought, as he had continued the matter on hearing for further proceedings until the second Monday in October 1939. Thereupon, in accordance with G. L. 1938, chap. 542, § 9, the clerk of the superior court certified "the cause and all papers therein" to this court, and that matter was recently heard by us on the appellees' motion to establish the truth of the exceptions and appellants' motion to dismiss the bill as premature.

There is no question that the superior court had jurisdiction of the subject-matter of the appeal actually on hearing before it, namely, a petition for the appointment of an administrator of the estate of a domiciled decedent of this state; and there is likewise no question, as we view the record, that the appellees, Greenough, Hayes and Fulton Trust Company of New York, the petitioners here,

submitted themselves to the jurisdiction of the superior court when they appeared generally by attorney. Indeed the transcript shows that they insisted on being considered as parties at the hearing, over the objection of the appellants, and that the justice of the superior court ruled in their favor.

At the hearing the appellees presented evidence of the existence of a will of Lucy Wortham James, the decedent; that such will was in their custody at her death; that they took the advice of counsel concerning the law of this state governing the probate of wills and that they finally decided not to file the will for probate in Rhode Island, but did file it in New York; that the will was thereafter in the custody of the surrogate's court of New York City; that they presented an exemplified copy thereof for filing and recording in the probate court of Newport, which that court refused on the ground that it was without jurisdiction to receive for filing and recording the exemplified copy of a will of a domiciled decedent of this state which had been probated in New York as the will of a nonresident of New York; and that they had taken an appeal from such denial to the superior court, which appeal was then pending on that court's calendar. They also presented evidence to the superior court of a New York statute purporting to permit the will of a nonresident decedent to be probated in the surrogate's court of that state.

Appellees contended, on the basis of that statute, that they had performed the duty incumbent upon them to file the will for probate when they filed it in the surrogate's court of the city of New York. In reply the appellants contended, in substance, that what the New York statute permitted the appellees to do with reference to decedent's will, could not and did not justify them in refusing to do what the law of this state commanded them to do, that is, "within 30 days after notice of the death of the testator, deliver

the same into the probate court which has jurisdiction of the probate thereof . . . ." (G. L. 1938, c. 572, § 5)

On this evidence and on these arguments, the trial justice was fully apprised of the conduct of the appellees and the reasons on which they based their action. He was likewise fully apprised of the basis for the appellants' petition for the appointment of an administrator of decedent's estate, there being no will in Rhode Island, and apparently no intention on the part of the appellees who had filed the will in New York to bring it into Rhode Island. It would seem that the trial justice came to the conclusion that he could not fairly decide the appeal on the evidence before him unless the will was brought here, and that it was necessary to subject the appellees to a positive mandate of the court before he could determine whether or not it would be possible to obtain the will from the files of the surrogate's court of the city of New York. Accordingly, he made the orders objected to by the appellees and continued the cause to a later date for further consideration.

We are of the opinion that the question whether he erred in doing so is not such as to move us to exercise our discretion and review his decision on *certiorari*. The petitioners have an adequate remedy without resort to *certiorari*. Ordinarily this court will not issue *certiorari* to correct error for which purpose other remedy is expressly provided. *Cohen* v. *Superior Court*, 39 R. I. 272, 97 A. 794. It is only in cases of unusual hardship and in the furtherance of justice that the use of a writ of *certiorari* is permitted to supplement the method of review expressly provided by statute. *Hyde* v. *Superior Court*, 28 R. I. 204. And occasionally, where the facts strongly suggested it, the writ has been allowed in an exceptional case, in the interest of justice, to provide an immediate review, even though other remedy would be available later. *Brickle* v. *Quinn*, 63 R. I. 120, 7 A. 2d. 890; *Atlantic Mills* v. *Superior Court*, 32 R. I. 285,

79 A. 577. We do not consider that the facts of those two cases are comparable to the facts of the instant case.

Neither of the orders contained in the decree in the instant case is such a final order as should be reviewed by *certiorari*. An adjudication of contempt is not final until punishment is imposed. Here no punishment has been imposed. Conceivably punishment may never be imposed, in the event that the appellees made an effort to bring the will into Rhode Island or that, upon further showing, the trial justice becomes convinced that it is impossible for them to obtain the will for the purpose of probating it in this state. The right of review ordinarily attaches when punishment is imposed. *Alexander* v. *United States,* 201 U. S. 117, 50 L. Ed. 686. 17 C. J. S. Contempt § 114.

The petitioners have called our attention to *Conte* v. *Roberts,* 58 R. I. 353, 192 A. 814, a case involving a citation for contempt, and point out that in that case we issued the writ before punishment was imposed and at a much earlier stage of the proceedings in the superior court than in the case at bar. That is true, but in that case we found grave reasons for doing so, because of the broad scope of the restraining order which had been issued, *ex parte,* against the Bureau of Police and Fire of the City of Providence, and which clearly tended to hamper the entire police department of the city in the enforcement of the criminal laws. We think the recitation in that opinion of the facts upon which we acted will suggest at once the wide variance of that case from the instant case.

The writ of *certiorari* is not a writ of right, but rests in the discretion of this court. It will not be granted unless the alleged error of the lower tribunal has caused the petitioner substantial harm. *Bennett* v. *Randall,* 28 R. I. 360. Nor will it be granted where the action sought to be reviewed is not final but merely interlocutory, unless, in such instance, there are exceptional circumstances which call for

the issuance of the writ in the interest of justice. The order enjoining these petitioners from selling, transferring or otherwise disposing of the property of the decedent until the superior court decides the main cause is clearly interlocutory in its nature. Moreover, the petitioners have not shown that they individually, or the estate which they represent, will suffer any substantial harm if they are required to await a review of that order by this court, at the time and in the mode prescribed by statute.

But these petitioners appear to argue, in support of their petition for *certiorari,* that the superior court was without any jurisdiction whatsoever to issue the decree of which they complain. Even if it be assumed that the superior court was in error in exercising jurisdiction, nevertheless that fact in and of itself would not warrant the review of its action by *certiorari.* *Certiorari* lies to review the acts of an inferior judicial tribunal taken without jurisdiction, or in excess of jurisdiction, but only where no other remedy for review is expressly provided or where such remedy is inadequate to save the petitioners from substantial harm or to prevent injustice. *Chew* v. *Superior Court,* 43 R. I. 194.

For the reasons above stated, we are of the opinion that the petitioners have not, on the record before us, shown sufficient cause for us to review the actions of the superior court on *certiorari.*

The writ of *certiorari* heretofore issued is quashed, and the records and proceedings entitled "In the Matter of Estate of Lucy Wortham James, late of the City of Newport, said County and State, Deceased", sent to us by the superior court for the county of Newport, are returned to that court.

*Sheffield & Harvey, William R. Harvey, J. Russell Haire, Tillinghast, Collins & Tanner, James C. Collins,* for petitioners.

*Cornelius C. Moore, Charles H. Drummey,* for respondents.