JOSEPH B. MACNEIL *et al. vs.* GERTRUDE E. MORGAN, *Ex'x.*

JULY 16, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is a petition for leave to appeal from a decree of the probate court of the city of Providence, in this state, admitting to probate the will of Catherine Shannon, late of Providence, deceased, hereinafter generally referred to as Catherine for convenience. Petitioners come to this court under general laws 1938, chapter 535, §6, claiming that by reason of accident, mistake or unforeseen cause they failed to prosecute such an appeal according to law.

The petitioners, Joseph B. MacNeil, Daniel J. MacNeil, and Margaret Dick are brothers and sister of Catherine. Joseph and Margaret are residents of the neighboring towns of New Glasgow and Trenton, in northern Nova Scotia near Pictou, Canada. Daniel resides in Dartmouth, near Halifax, in southern Nova Scotia. The respondent, a resident of Jamaica Plain, Massachusetts, is Catherine's niece.

It appears from the affidavits in the case that in June, 1942, when Catherine was about sixty-five years old and living with Mary J. Trenn, the respondent came to Providence and on her petition was appointed guardian of the person and estate of Catherine by the probate court of that city; that in January, 1944, she placed Catherine in a convalescent home in Dorchester, Massachusetts, and in the following May she was removed to another convalescent home in Malden in that state, where she remained until

July, 1945, when she became an inmate of the Metropolitan State Institution for Insane, Waltham, Massachusetts. She died at that institution on March 2, 1946.

Catherine left a will, dated February 21, 1942, in which, after providing for the payment of her debts, she gave all the residue of her estate to the respondent and appointed her the sole executrix. This will was allowed in the probate court of the city of Providence on September 3, 1946. At the hearing of the present petition counsel for the respondent admitted in open court that the names and addresses of Catherine's brothers and sister, the petitioners in this case, were not set out in the petition for the probate of the will. Our state-wide form for such a petition plainly provides for such information.

It is clear that the petitioners had no actual knowledge that Catherine had left a will until respondent disclosed such fact in her letter of November 4, 1946 to petitioner Joseph B. MacNeil. This letter reads in part as follows: "Dear Uncle Joe and Aunt Jenny, I suppose by now the mere mention of my name down there brings an angry tirade of words. I really am ashamed of myself for not answering both yours and aunt Margaret's letters before this but for a while I was sick with quite a cold and when I came home I used to go to bed early after I washed the dishes and the last two weeks in Sept. I was away on my vacation. Another thing was I just didn't know how to write and tell you after I found out that Aunt Catherine left a will and willed her estate to me. It sounds sort of selfish to put on paper. I asked the lawyer in Providence to have copies made of the will so that I can send them down there for you folks to see . . . I remember how nice you were to me when I was down there in 1938 and because of Aunt Catherine's will I hope you will still think of me in good favor."

The rest of the letter was devoted mostly to a statement of the reasons that led to her appointment as Catherine's guardian. In closing, she said: "I am going to make two

copies of this letter and send one to Aunt Margaret too. The lawyers address is . . . When I get the copy of the will I will send it to you." There is nothing in the affidavits before us showing that the respondent ever sent a copy of the letter to "Aunt Margaret", apparently meaning the petitioner Margaret Dick, or a copy of the will to Joseph B. MacNeil or to any other petitioner.

Affidavits for the petitioners assert that Catherine lacked testamentary capacity and that she was not free from improper influence at the time she executed her will. For our present purposes we need not refer with greater particularity to specific statements in these affidavits other than to say that Margaret MacNeil, the widow of a deceased brother of Catherine, stated in her affidavit that in the summer of 1945 she met the respondent in Boston, Massachusetts; that at that time the respondent told her that Catherine had not made a will; and that she, Margaret, communicated this information to the petitioners.

The substance of counter affidavits for the respondent deny all material allegations in petitioners' affidavits. In her affidavit the respondent also related why she became Catherine's guardian and why she later had her removed to the various places in Massachusetts already mentioned. She further stated that, by telegram, she notified the petitioners of Catherine's death; that the petitioner Margaret Dick answered also by telegram; that none of the petitioners attended Catherine's funeral; and that she did not hear from them again until October 9, 1946. The nature of this communication was not disclosed. However, in this connection we recall the respondent's letter of November 4, 1946 to Joseph B. MacNeil.

The petition under consideration was filed in this court on February 26, 1947. The respondent contends that since the petitioners were informed of Catherine's death they were put on inquiry to ascertain whether she had left a will, and, if such were the case, they were bound to follow the probate proceedings to protect their respective rights; that

not having claimed an appeal from the probate of the will within the forty days provided by law, and, further, that having delayed the bringing of this petition until February, 1947, about four months after they knew of the will, their failure to prosecute an appeal from the probate of the will or to seek relief by the present proceedings was not due to accident, mistake or unforeseen cause, as provided by the statute.

We agree with the respondent that, under G. L. 1938, chap. 535, §6, this court will not assist one who slumbers on his rights without just cause, especially if during such inaction anything has occurred to alter the status of the parties interested or to place an opposing party at a disadvantage through loss of evidence or other cause. But the statute is remedial and should be construed liberally. It vests in this court *discretion* to determine, from all the special facts and circumstances in the case, whether "justice requires" that a petitioner be given an opportunity to have a hearing of the case on the merits. *Donahue* v. *Sherman's Sons Co.,* 39 R. I. 373; *Di Benedetto* v. *Capone,* 48 R. I. 14. Each case must therefore be determined in the light of its own facts.

In our judgment petitioners' delay, about which the respondent now strongly complains, stems from her failure to set forth their names, addresses, and relationship to Catherine in the petition for the probate of the will. The practice in probate courts is regulated by G. L. 1938, chap. 571, and §§7 and 9 thereof refer specifically to the notice a probate court may require, in addition to notice by mere advertisement, before proceeding to entertain a petition for the probate of a will when the names and addresses of interested parties appear in the petition. In the circumstances of this case it is our judgment that, notwithstanding respondent's compliance with the statute, justice will be served if petitioners are permitted to present their case in court, especially since the omission under discussion did not give the probate court an opportunity to require addi-

tional notice if that court deemed such notice necessary; and, further, because such omission, when considered in connection with the other facts hereinbefore barely outlined, may well have brought on a train of circumstances that resulted in the delay about which the respondent complains.

We are not called upon at this time to finally decide the ultimate issues between the parties as if the main case or appeal were being heard on its merits. The only question before us now is whether "justice requires" the exercise of our discretion in favor of the petition. Petitioners' delay in filing the present petition has been given due consideration. However, in view of the situation of the parties and the special circumstances disclosed by the affidavits, it is our judgment that we should not deny the petition merely because of such delay. *Kassar* v. *Ambaragocy,* 69 R. I. 414, 421. Since the affidavits do not show that anything has occurred to change the status of the parties interested or to prevent the respondent from fully preparing and presenting her case in a trial on the merits, we are of the opinion that the petitioners are entitled to file their respective claims of appeal.

The prayer of the petition is granted on condition that a claim of appeal shall be filed by the respective petitioners in the probate court of the city of Providence within forty days and that the same shall thereafter be prosecuted according to law.

Moss, J., did not participate in the decision.

*William A. Gunning,* for petitioners.

*Michael DeCiantis,* for respondent.