PETER W. LEARY *vs.* THELMA LEARY.
PETER W. LEARY *vs.* THELMA LEARY.

MARCH ,14, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

ANDREWS, J. These two petitions seek permission to claim an appeal out of time. They are essentially the same except that the first petition, M. P. No. 1132, was filed under general laws 1938, chapter 513, and the second petition, M. P. No. 1133, was filed under G. L. 1938, chap. 535, §6.

The petitions allege that petitioner filed a bill in equity

in the superior court against the respondent; that after a hearing the trial justice filed a rescript denying and dismissing the bill; that petitioner's solicitors advised him he had good grounds for an appeal; that they also advised him that under the rules and practice in such cases the solicitor for the respondent would draw a final decree to be entered by the trial justice and would present a copy thereof to them; and that they could appeal to this court within thirty days after the entry of the decree if petitioner wished them to do so. The petitioner further alleges that he directed his solicitors to appeal; that about a month after the rescript was filed the final decree was entered without a copy of the same having been submitted to his solicitors and without notice of any kind having been given to them; that neither he nor they had notice of such entry until several months after it had been made; that after such notice his solicitors filed in the superior court a motion to vacate the decree, but the motion was denied because it was filed more than six months after the entry of said decree; that thereafter his solicitors filed a motion in the superior court for leave to enter an appeal under G. L. 1938, chap. 513; and that the trial justice denied the same on the ground that said statute did not apply to this situation, whereupon within one year from the entry of the decree petitioner filed the instant petitions in this court.

The petitions are supported by one affidavit of the solicitors for petitioner and by another affidavit of John C. Burke. Mr. Burke's affidavit is to the effect that he has been a member of this bar for fifty-eight years and actively engaged in practice, including equity cases, in all the courts; that in all his practice, so far as he can recall, he never heard of a final decree in an equity case being entered without notice to the solicitor for the other side and an opportunity for the other party to be heard before the entry of such final decree; and that he knows the custom, usage and practice in the profession is and always has been that the

solicitor for the losing side is given notice and an opportunity to be heard before the entry of a final decree. There were no counter affidavits filed.

General laws 1938, chap. 513, §1, reads as follows:

> "Whenever any civil action (except in a district court), or whenever any appeal, shall not be entered according to law, the court to which the same is returnable may, in case of accident, mistake or unforeseen cause, in its discretion, allow the same to be entered with or without terms: *Provided*, that if the same be not entered according to law, in the first instance, all attachments and arrests made therein shall be thereby vacated."

The language of the statute and what was stated in *Fish* v. *Field,* 40 R. I. 180, about its predecessors satisfies us that such statute does not apply to suits in equity. The first petition, M. P. No. 1132, is therefore denied and dismissed.

General laws 1938, chap. 535, §6, reads as follows:

> "When any person is aggrieved by any order, decree, decision, or judgment of the superior court or of any probate court or town council, and from accident, mistake, unforeseen cause, or lack of evidence newly discovered, has failed to claim or prosecute his appeal, or to file or prosecute a bill of exceptions, or motion, or petition for a new trial, the supreme court, if it appears that justice requires a revision of the case, may, upon petition filed within one year after the entry of such order, decree, decision, or judgment, allow an appeal to be taken and prosecuted, or a bill of exceptions or a motion for a new trial to be filed and prosecuted, upon such terms and conditions as the court may prescribe."

This is the applicable statute.

The understanding of the members of this court with reference to the custom among solicitors concerning the entry of decrees in equity is the same as that of the solicitors for petitioner and of Mr. Burke. It is true that the superior court had not adopted a definite rule to that effect at the time this decree was entered and has since done so, but we

are of the opinion that the rule is merely declaratory of the established practice or custom.

While it can hardly be said that the facts disclosed show an accident or mistake, we are of the opinion that it can quite properly be said that the failure of petitioner to claim an appeal in the equity case was by reason of an unforeseen cause, namely, the unexpected failure of the solicitor for the respondent in the equity case to show solicitors for the petitioner the decree he proposed to enter, or to otherwise inform them that he proposed to have a decree entered or that he had had it entered. We do not mean to imply that the solicitor for respondent intentionally failed to follow the custom but assume that he was not familiar with it.

We have examined the cases cited by the respondent and find nothing therein which indicates that we should not grant the second petition, M. P. No. 1133, which is grounded upon chap. 535, §6. A careful reading of *Cohen* v. *Superior Court,* 39 R. I. 272, particularly relied upon by the respondent, shows that the petitioner had received notice of the presentation for entry of a form of final decree. This is some indication that at that period (1916) the custom was as claimed by the petitioner here. As we stated in *MacNeil* v. *Morgan,* 73 R. I. 165, at page 169, another case cited by the respondent, the statute is remedial and should be liberally construed, and each case must be determined in the light of its own facts.

In the case of Peter W. Leary v. Thelma Leary, M. P. No. 1132, the petition is denied and dismissed.

In the case of Peter W. Leary v. Thelma Leary, M. P. No. 1133, the petition is granted on condition that within thirty days from the filing of this opinion the petitioner shall file a claim of appeal in said equity cause in the superior court, and that such appeal thereafter shall be prosecuted according to law.

194

*Gabriel D. Russo, James S. O'Brien, Jr., Maurice L. Dannin,* for petitioner.

*Paul F. Murray,* for respondent.