JAMES F. PICKETT *vs.* FRANK J. CONLEY, *Clerk.*

JUNE 18, 1959.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

POWERS, J. This is a petition for mandamus to compel the clerk of the police court of the city of Providence to certify to the superior court the petitioner's appeal from a conviction by the police court of "indecent intoxication."

The superior court issued an alternative writ of mandamus ordering the respondent clerk to certify to that court the petitioner's appeal or to appear and show cause why the petition should not be granted. After a hearing the trial justice found that no appeal had been filed by the petitioner within the time designated by law and he denied the petition. From such judgment the petitioner has appealed to this court.

In *Pickett* v. *Conley*, 87 R. I. 21, 137 A.2d 408, we held that this same petitioner was not required to enter into a recognizance as a prerequisite to certification of an appeal to the superior court. We reversed the judgment of that court quashing the alternative writ of mandamus and remanded the case for further proceedings under the alternative writ.

Two days after our opinion in the aforementioned case was filed and one day before the record therein was remanded to the superior court, petitioner filed a motion to assign the case for trial to the miscellaneous calendar. At the hearing he rested on his sworn petition as contained in the alternative writ. When respondent attempted to introduce evidence controverting the matters set forth in the alternative writ, petitioner objected to its reception on the ground that respondent had failed to file a return.

The trial justice held that the alternative writ of mandamus was the primary pleading in the case, corresponding to a complaint or declaration in an ordinary action, to which "alternative writ the respondent must file a return setting forth either compliance with the mandate of the alternative writ or matters justifying non-compliance." He further held that since respondent had not filed a return he had no choice but to sustain petitioner by striking respondent's evidence received *de bene*. In those proceedings petitioner did not move for the issuance of a peremptory writ and the trial justice passed the case pending further issues which might be raised by the parties.

The petitioner subsequently moved for the issuance of a peremptory writ of mandamus, and at the hearing thereon respondent was granted five days in which to file a return. Within the given time respondent filed his return alleging that petitioner had failed to file a claim of appeal within the time required by statute.

At the hearing on whether a peremptory writ should issue petitioner did not present any testimony but rested on his sworn petition. The respondent testified that he refused to certify the record to the superior court because petitioner had not filed a claim of appeal from his conviction within the statutory period. The trial justice found as a fact that no appeal had been filed by petitioner within the time designated by law and denied the petition for the peremptory writ of mandamus.

In his reasons of appeal petitioner contends that the trial justice erred in granting respondent leave to file a return, in refusing to strike the return, in receiving testimony in support of the return, and in refusing to strike the testimony in support thereof. The petitioner also appeals from the denial of his motion for a peremptory writ of mandamus.

The petitioner's first ground of appeal in support of his contention that the trial justice erred in granting respondent leave to file a return is that it was an abuse of his discretion to allow a return to be filed some ten weeks after the case was remanded by us to the superior court. This position is without merit since petitioner moved to assign the case for trial before the record had been received by that court. If instead, petitioner had given respondent a reasonable time in which to file a return and then, following his failure to do so, petitioner had moved for the issuance of a peremptory writ he would not have had to wait some ten weeks for a return. The petitioner's situation is of his own making and he should not be permitted to claim that respondent waited too long to file a return.

Furthermore, we are of the opinion that respondent was not in error in assuming that petitioner's action in having the case assigned to the miscellaneous calendar almost immediately after we rendered our earlier decision was in the nature of a waiver by petitioner of his right to a written return to the alternative writ. It was not until petitioner objected to the receipt of any testimony by respondent at the first hearing that respondent realized that petitioner was not going to proceed on the merits without a written return being filed.

The trial justice filed his rescript sustaining petitioner's motion to strike respondent's testimony on March 12, 1958. At that time respondent was put on notice that unless he filed a return within a reasonable time a motion for the issuance of a peremptory writ would be in order, and in our opinion whether or not respondent was in default in filing his return is governed by the lapse of time from the date on which the trial justice filed his rescript to the date on which the return was made. Five days after the rescript was filed, petitioner filed a motion for the issuance of a peremptory writ. At the hearing thereon the trial justice ordered respondent to file a return within five days or, if respondent failed to comply, a peremptory writ would issue. On March 25 respondent filed his return in compliance with the court order. We are of the opinion that only nine days having elapsed from the date of the rescript to the order of the court requiring respondent to file a return, the order was not an abuse of discretion by the trial justice.

The petitioner next claims that the trial justice acted sua sponte in granting respondent leave to file a return. However, the respondent claims that he was prepared to file his return on the day of the hearing but the trial justice, rather than hearing the petition on its merits at that time, ordered respondent to file a return within five days. The record in those proceedings is not before us and since

the entry on the file jacket is of no assistance we assume that the action of the trial justice was proper. The petitioner's first reason of appeal is without merit.

In the light of the foregoing the petitioner's second, third and fourth reasons of appeal relating to the admission of respondent's return in evidence are also without merit. Having determined that the matter was properly before the court, we will now consider petitioner's fifth and last reason of appeal, namely, whether the trial justice properly refused to grant the peremptory writ of mandamus.

At the hearing on the merits petitioner did not introduce any evidence but rested on his sworn petition. The respondent testified, and the trial justice found as a fact, that petitioner did not file an appeal within the five-day period contemplated by general laws 1956, §§12-22-9 and 12-22-1. The statutory period within which an appeal from the decision of a lower court must be taken cannot be extended by judicial authority. *City of Boston* v. *Santosuosso,* 308 Mass. 202; *Matter of Westberg,* 279 N. Y. 316. We have carefully reviewed the record and we cannot say that the trial justice was clearly wrong. No cause having been shown for the issuance of the writ, the petition was properly denied.

The petitioner's appeal is denied and dismissed, the judgment appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Aram K. Berberian,* for petitioner.

*William E. McCabe,* City Solicitor, *Harry Goldstein,* Assistant City Solicitor, for respondent.