Supreme Court
No. 2015-296-Appeal.

Brian P. Malafronte            :

v.                 :

Town of Bristol.            :

**O R D E R**

This case came before the Supreme Court on March 2, 2016, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. We conclude that cause has not been shown and that the appeal may be decided at this time. For the reasons set forth herein, we affirm the judgment of the Superior Court.

From what the Court is able to glean from the record,[1] it appears that, on February 24, 2015, a judge of the Bristol Municipal Court found the petitioner, Brian P. Malafronte, guilty of violating a noise ordinance, Section 10-37 of the Town of Bristol Code of Ordinances. The petitioner was fined $50 and ordered to pay $35 in court costs. Thereafter, the petitioner, acting pro se, filed a flurry of motions in the Bristol Municipal Court in which he sought to challenge

---

[1] We note that the record transmitted to this Court is sparse and precludes meaningful review of the case. The petitioner failed to supply this Court—as well as the Superior Court—with any documentation surrounding the proceedings in the Bristol Municipal Court. He also did not provide this Court with a transcript of the proceedings in the Superior Court. This Court repeatedly has stated that "[t]he deliberate decision to prosecute an appeal without providing the Court with a transcript of the proceedings in the trial court is risky business." Shorrock v. Scott, 944 A.2d 861, 864 (R.I. 2008) (quoting 731 Airport Associates, LP v. H & M Realty Associates, LLC, 799 A.2d 279, 282 (R.I. 2002)). This deficiency alone provides grounds for this Court to decline to entertain the appeal. See id. ("Unless the appeal is limited to a challenge to rulings of law that appear sufficiently on the record and the party accepts the findings of the trial justice as correct, the appeal must fail." (quoting 731 Airport Associates, LP, 799 A.2d at 282)).

- 1 -

the conviction. A Bristol Municipal Court judge denied the motions on March 24, 2015. On March 30, 2015, the petitioner, pro se, filed an appeal in the Providence County Superior Court, in which he challenged the denial of the motions he filed in the Bristol Municipal Court. A motion justice in the Superior Court dismissed the case, and an order entered on July 20, 2015.[2] The petitioner filed a timely appeal to this Court.

General Laws 1956 § 45-2-45(a) provides that "any defendant found guilty of any offense" in the Bristol Municipal Court "may, within seven (7) days of conviction, file an appeal from the conviction to the [S]uperior [C]ourt." Here, the petitioner filed his appeal in the Superior Court thirty-four days after his conviction in the Bristol Municipal Court. While we are not unsympathetic to the difficulties faced by self-represented litigants who are unversed in navigating a complex and, at times, idiosyncratic legal system, this Court does not possess authority to confer jurisdiction where it does not exist. See Pickett v. Conley, 89 R.I. 261, 266, 152 A.2d 229, 231 (1959) ("The statutory period within which an appeal from the decision of a lower court must be taken cannot be extended by judicial authority."). In a case such as this where a municipal court holds original jurisdiction, the Superior Court only is authorized to hear an appeal upon the completion of "the steps necessary for the perfecting of an appeal from the decree of the [m]unicipal [c]ourt." Fish v. Field, 40 R.I. 180, 186, 100 A. 306, 309 (1917) (citing Kenyon v. Probate Court of West Greenwich, 17 R.I. 652, 655, 24 A. 149, 150 (1892)). Since the petitioner failed to perfect his appeal in accordance with § 45-2-45(a), the Superior Court lacked jurisdiction to hear the matter.

---

[2] The Superior Court order does not specify the basis upon which the motion justice dismissed the appeal by the petitioner, and, as noted above, the petitioner has not provided this Court with a transcript of the proceeding. However, although this Court is not privy to the basis for the order, "it is well settled that this Court can affirm a decision on different grounds from those relied upon by the [Superior Court] justice." State v. Santos, 64 A.3d 314, 319 (R.I. 2013).

For the foregoing reasons, we affirm the judgment of the Superior Court.

Entered as an Order of this Court this **18th** day of **April**, **2016**.

By Order,

_____/s/_____
Clerk



**RHODE ISLAND SUPREME COURT CLERK'S OFFICE**

*Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**  Brian P. Malafronte v. Town of Bristol.

**CASE NO:**  No. 2015-296-Appeal.
(PM 15-1274)

**COURT:**  Supreme Court

**DATE ORDER FILED:**  April 18, 2016

**JUSTICES:**  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**  N/A – Court Order

**SOURCE OF APPEAL:**  Providence County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Richard A. Licht

**ATTORNEYS ON APPEAL:**

For Petitioner:  Brian P. Malafronte, Pro Se

For Respondent:  Andrew M. Teitz, Esq.
Michael A. Ursillo, Esq.