RANDOLPH COUNTY, Appellant, *v.* JAMES M. RALLS, Appellee.

APPEAL FROM RANDOLPH.

Although a court not having jurisdiction cannot take it by consent of the parties, and its judgment is a nullity; yet, if on appeal from such court to a court having original jurisdiction of the matter, the parties voluntarily appear and consent to a trial, the judgment in the latter court will be binding.

All actions, local or transitory, against any county, *must* be commenced in the circuit court of such county.

The mode of satisfaction of a judgment against a county, is that provided by the statute, and a direction of that mode of satisfaction in the judgment is proper. Execution does not issue against a county.

A written opinion in the circuit court, in a matter against a county, where the circuit court has original jurisdiction, is unnecessary.

JAMES M. RALLS presented to the county court an account for certain service claimed to be rendered under a special act of the legislature, which account the county court refused to pay.

From the order rejecting said account, the said plaintiff below appealed.

The Circuit Court of Randolph county, BREESE, Judge, presiding, at May term, 1856, made the following order in the case: "And now come the said parties, and by consent this suit is tried by the court, and the facts being admitted, and the question of law arising thereon, the court finds for the plaintiff $403," for copying records, etc., and then directed "that the county court allow the same and issue an order to the plaintiff (Ralls) in due form of law." Motion for a new trial was made and overruled. The county thereupon appealed. The errors assigned are, that judgment should have been for appellant; that the circuit court entered no judgment whatever in the case; that the court did not remand the case; had not jurisdiction of it; did not give a written opinion; and that judgment was defective.

G. KŒRNER, for Appellant.

W. H. & J. B. UNDERWOOD, for Appellee.

Randolph County *v.* Ralls.

SKINNER, J. Ralls presented to the County Court of Randolph county a claim against the county for allowance. The court refused to allow the claim, and entered an order of disallowance, from which order Ralls appealed to the circuit court. The record from the circuit court shows that the parties appeared, and that by their consent the cause was tried by the court. The circuit court rendered judgment against the county, and directed in the judgment order that the county court allow to Ralls the amount of the judgment, and issue to him an order therefor. From this judgment the County of Randolph appealed. The material assignments of error are, that the circuit court had no jurisdiction; that the court rendered no valid judgment; and that the court did not give an opinion in writing. If the county court had not jurisdiction to adjudicate upon the claim of Ralls, and render a judgment conclusive upon the rights of the parties, so long as it remained in force, it is clear the circuit court could have no jurisdiction by *virtue* of the appeal. *Leigh* v. *Mason*, 3 Scam. R. 249. This court in the case of *The County of Vermilion* v. *Knight*, 1 Scam. R. 97, held that the county commissioners' court, to which the county court is successor, had no jurisdiction to adjudicate upon the claim of an individual against the county. Rev. Stat. 133, Sec. 25; ibid. 134, Sec. 29. It is also a rule of law, that a court having no jurisdiction of the subject matter of the suit cannot take cognizance by consent of the parties. *Williams* v. *Blankenship*, 12 Ill. R. 122; *Ginn* v. *Rogers*, 4 Gil. R. 131. And the judgment of a court having no jurisdiction of the subject matter is a nullity. *Williams* v. *Blankenship*, above cited. Here the circuit had exclusive original jurisdiction of the subject matter of the suit, and consent would confer upon it jurisdiction of the parties.

The statute provides that "all actions, local or transitory, against any county, may be commenced and prosecuted to final judgment and execution in the circuit court of the county against which the action is brought." Rev. Stat. 132, Sec. 18. And the word *may*, in this statute, is construed in an imperative sense, and to mean *must*. *The County of Schuyler* v. *The County of Mercer*, 4 Gil. R. 20; *Gillenwater* v. *The Mississippi and Atlantic Railroad Company*, 13 Ill. R. 1.

The circuit court, then, had original jurisdiction of the subject matter, and the parties, by voluntarily appearing and consenting to a trial between them upon that subject matter, waived all objection to jurisdiction of the parties.

The suit stood, so far as the jurisdiction of the court is concerned, the same as if it had been originally commenced in

the circuit court in the ordinary way, and the parties brought in by the service of process; or as if they had voluntarily entered their appearance without any previous proceedings, and without objection gone to trial. In the case of *Allen* v. *Belcher*, 3 Gil. R. 594, the suit was commenced before a probate justice of the peace, and appealed to the circuit court, where the parties appeared, and the cause was by consent tried; and upon error this court held, that it was immaterial whether the probate justice had jurisdiction of the subject matter of the suit, for the circuit court having original jurisdiction of the subject matter, and the parties having consented to its jurisdiction of their persons, the circuit court might adjudicate upon the subject matter as an original cause.

The rule is, that jurisdiction of the subject matter cannot be conferred upon a court by consent of the parties, nor can want of it be waived; but where the law confers upon the court original jurisdiction of the subject matter, full appearance, without objection, confers upon the court jurisdiction of the person, and it may then adjudicate.

It would be trifling with courts and the rights of parties, to permit suitors, after voluntarily appearing and going to trial, to avail themselves of objection to the preliminary proceedings by which the cause or the parties were in court. These are dilatory matters which they may waive, and they are deemed to have waived them by full appearance without objection. The objection to the form of the judgment is not tenable. The direction as to the mode of satisfaction of the judgment, is nothing more than the statute requires the county court, in case of judgments against the county, to perform. Rev. Stat. 133, Sec. 20.

Execution could not issue against the county, and the mode of satisfaction is that provided by the statute.

The objection that the circuit court did not give an opinion in writing is equally untenable. The cause being treated as an original cause in the circuit court, the 43d Sec. of Chap. 27 of Rev. Stat. has no application.

*Judgment affirmed.*