MARY A. KENYON, Appellant, *vs.* THE PROBATE COURT OF WEST GREENWICH.

Public Stat. R. I. cap. 181, § 2, provides that probate appeals "must be claimed by the aggrieved party within forty days next after" the making of the order by the Probate Court. Appeals are taken to the Supreme Court, which on its law side has no original probate jurisdiction.

*Held,* that the time prescribed was an essential condition of the appeal, and that an appeal taken after the lapse of the forty days gave the Appellate Court no jurisdiction.

In an appeal taken forty-one days after the probate order, the appellee appeared by counsel in the Supreme Court, and consented to four continuances.

*Held,* that this was a waiver of any defect in the proceeding which the appellee could waive.

*Held,* further, that the appellee's motion to dismiss the appeal must be granted.

APPEAL from the Probate Court of West Greenwich. On motion to dismiss the appeal.

*Providence, February* 24, 1892. DOUGLAS, J. October 26, 1889, the Probate Court of West Greenwich, having jurisdiction of the matter, made and entered an order allowing the account of Willis A. Carr, administrator *de bonis non* on the estate of John T. Lewis.

December 6, 1889, Mary A. Kenyon filed in the office of the Probate Court a paper writing alleging that she is a judgment creditor of the estate of said John T. Lewis, and claiming an appeal from said order to the Supreme Court then next to be holden in the same county on the second Monday in March, 1890.

On the same day she also filed in said office a bond with surety in the penal sum of $500, conditioned that she should prosecute

her said appeal with effect, or in default thereof should pay all intervening costs and damages, and such costs as the Supreme Court should tax against her.

Citation was duly issued, served, and returned, and reasons of appeal were duly filed in the Supreme Court in the same county, and duly entered at the March Term, 1890.

On the first day of that term George T. Brown, attorney for the appellee, indorsed his name as such attorney upon the reasons of appeal, and agreed that the case should be marked "continued, to be heard in Providence County, March 15, 1890."

Entries with like consent were made at three subsequent terms to the same effect, and the case was finally set down for hearing in Providence, February 6, 1892, when the appellee filed a motion to dismiss the appeal on the ground that the claim of appeal and the appeal bond were not filed until more than forty days after the entry of the order appealed from. Upon this motion briefs have been filed by the counsel for the parties, it being admitted, as it appears also by the record, that the allegations of the motion are true.

It is urged, on the one hand, that the indorsement of the name of the appellee's attorney upon the papers, and the continuance of the case from term to term, was a waiver of the defect in the appeal; on the other, it is maintained that no formal entry of appearance was made, and that the defect is such that the administrator could not waive it by appearance.

We think that the indorsement of the attorney's name the first term, with his personal appearance in court for the purpose of consenting to a continuance and a transfer of the case to another county for trial, and this consent repeated at three successive terms of the court, was a waiver of any defect in the proceeding which the party he represented could waive.

In our practice on probate appeals there are no formal pleadings. It is rare that a formal written appearance even is filed. The attorney's name is simply entered upon the docket or indorsed on the papers. The statute requires that such appeals shall be proceeded with at the first term of the court at which they shall be entered, Pub. Stat. R. I. cap. 181, § 4, and it is reasonable to require that an objection to any matter of form, or a claim to any

statutory provision made solely for the benefit of the party, should be taken when the case first comes up in the Appellate Court. Accordingly, it was held in *Clarke* v. *Mayor & Aldermen of Newport*, 5 R. I. 333, that, in an appeal to the Court of Common Pleas in a highway proceeding, an objection to the appeal bond came too late after two continuances in the Appellate Court; and in *Sprague* v. *Luther*, 7 R. I. 581, that appearance by the appellee in the Supreme Court, to an appeal from a Court of Probate, is a waiver of the want of a citation to the appellee, or of an irregularity in the service.

The second question involves an examination of the principles upon which the appellate jurisdiction of this court in probate matters is founded.

If the jurisdiction of the Appellate Court depends upon a compliance with the terms of the statute, we have no jurisdiction in this case. If consent of the parties may give it jurisdiction by waiving the terms of the statute, the case is properly before us for consideration on its merits.

Is the claim of appeal within forty days an act essential to initiate the appeal, or is it in the power of parties to the issue to consent that an appeal may be taken at any time?

It is hardly necessary to say that we are not considering the supervisory jurisdiction of this court over inferior tribunals by *certiorari*, or upon motion for new trial or its chancery jurisdiction; it is the appellate jurisdiction only which is invoked in this case.

Two things must concur to give a court jurisdiction of a cause: the power constituting the court must have authorized it to try causes of that nature, and the parties interested or the thing in dispute must be before it. The parties either may be brought in by process, or they may come voluntarily; the power to try and determine and to enforce its decision must be given by the constitution or the legislature. In Rhode Island the constitution provides that the several courts shall have such jurisdiction as may from time to time be prescribed by law. Art. 10, § 2. And this may be by general statute, or by special act giving a new jurisdiction to try a particular case. *In re Joseph B. Nichols*, 8 R. I. 50, 55.

Original jurisdiction in settling the estate of deceased persons is

granted to the Courts of. Probate of the several towns, and this is comprehensive and final except upon appeal.    Pub. Stat. R. I. cap. 179, § 9 ; cap. 190, § 10.

Appellate jurisdiction in the same matters is given to the Supreme Court on its common law side, but such matters must be brought before it " from " some Court of Probate.    Pub. Stat. R. I. cap. 192, § 25.

The jurisdictions of the two courts which we are considering are exclusive of each other.    If no appeal is taken, the decree of the Probate Court of the town is a final judgment of a court of competent jurisdiction, and as such entitled to due credit in all other tribunals.    The issue determined is *res adjudicata.*

If an appeal is taken, the jurisdiction of the Supreme Court attaches, and that of the Probate Court of the town is suspended.

The jurisdictional fact which empowers the Probate Court of the town to act originally is the domicile of the person whose estate is involved, or the location of his property within the town ; the jurisdictional fact which empowers the Appellate Court to re-try the issue is the taking of an appeal from the decree or order of the Probate Court.

Is the time of taking the appeal essential to its validity, or may this provision be waived, and a decree of a Probate Court be reëxamined after the lapse of any period of time, at the will, as in this case, of the administrator and of any one party who shall consider himself aggrieved by it?

It seems to us that the statute makes the time of the very essence of the act.    Cap. 181, § 1, provides that any person aggrieved by any order of a Court of Probate may, unless provision is made to the contrary, appeal therefrom to the Supreme Court, and § 2 proceeds to state the condition upon which such privilege may be availed of.    Its language is, " Such appeal must be claimed by the aggrieved party within forty days next after such order, decree, or determination shall have been made."

As was said by James, J., in *Eaton* v. *Alger,* 57 Barb. S. C. 179, 190, the act is emphatic ; it uses the Saxon word " must," a verb which has not yet been twisted by judicial construction like the words " may " and " shall " into meaning something else, to place beyond doubt or cavil what was intended.

The right of appeal is given to the party aggrieved, but only on condition that it is seasonably exercised.

The appellate jurisdiction is given to the court, but only on condition that the parties shall vacate the decree below by claiming an appeal within the specified time.

Where a new right is given by statute, and the method of securing the right is prescribed, the party is limited to the prescribed course of procedure.

This view of the cogency of the condition is strengthened by the fact that, after an appeal has been duly claimed, the law allows mistakes and omissions in the subsequent steps of the proceedings to be corrected on application to the Supreme Court, cap. 181, § 3. But it makes no provision for allowing an appeal to be initiated out of time.

In case the party has failed to appeal within the time prescribed he may apply to the Supreme Court to grant him a new trial, but the court is not given jurisdiction to proceed as if the appeal had been taken. Pub. Stat. R. I. cap. 221, § 8.

A defect of this character cannot be waived by the parties. It is not a provision for the benefit of the party to the record alone, but for the public good and the orderly administration of justice.

In proceedings like the one at bar, many persons may be interested in the settlement which is the subject of litigation who are not parties to the appeal.

It is for the interest of all who may deal with parties whose titles are affected by decrees of Probate Courts that, after the lapse of some definite time, such decrees shall be final and unimpeachable. After rights have vested by the statute under the decree, the parties to the record cannot confer a right upon any other tribunal to disturb the adjudication which the legislature has made final.

If this were in their power, we do not see why they might not bring originally to the Appellate Court a contested administrator's account, and by waiving the decree in the court below, and all other proceedings there, as well as the appeal from it, give the Appellate Court original jurisdiction of the case. Indeed, there would be more reason in allowing parties to give this court original probate

jurisdiction than in allowing them at their will to proceed here while a decree of a competent court still stood as final adjudication of the same subject-matter.

Several cases have been cited to us where courts of general jurisdiction in other States have taken cognizance of appeals which were taken from the court below after the time limited by statute. In those cases, however, the courts had original as well as appellate jurisdiction of the class of cases in question, and hence only jurisdiction of the person was required, and that the consent supplied. The statutes of the several States relating to appeals are so diverse that the cases cited are of little aid in construing our own.

Some of them require a literal compliance with provisions which in our own statutes are so expressed as to be subject to waiver by the parties interested. Some of the cases, in dealing with their own statutes, have recognized principles which are of general application. In *Randolph County* v. *Ralls*, 18 Ill. 29, it is said : " The rule is, that jurisdiction of the subject-matter cannot be conferred upon the court by consent of parties, nor can want of it be waived ; but where the law confers upon the court original jurisdiction of the subject - matter, full appearance without objection confers upon the court jurisdiction of the persons, and it may then be adjudicated.

In *Robinson* v. *Walker*, 45 Mo. 118, the court says : " A literal compliance with the requirements of the statute in this respect is always held to be essential. It is the only way in which the Appellate Court can acquire jurisdiction of the subject-matter of the former trial. It is *res adjudicata*, and if reopened it must be according to law, and the law is too plain to admit of construction. The only question that can be raised is, the effect of the appearance of the plaintiff in the Circuit Court. It has often been held that the appearance of a party by joining issue, or by any other action that shall indicate an intention to prosecute or defend the suit upon the merits, shall be deemed a waiver of a defect in the process or notice under which the appearance is had. But in every case of this kind the court had jurisdiction of the subject-matter, and it might with reason be said that a voluntary appearance is well enough. But the Circuit Court has no jurisdiction

of a matter already decided on in another court, and especially in actions of forcible entry and detainer, exclusively cognizable before a justice of the peace, unless it is brought into court under the statute and according to its provisions ; and when it has no such jurisdiction the consent of the parties cannot give it."

The appellant refers to the case in this court, *State* v. *Dexter*, 10 R. I. 341, as settling the law in her favor.

There an appeal was allowed from the order of a town council laying out a highway, although the appeal was not taken till long after the period allowed by the general law.

In that case, however, the consenting party was the State of Rhode Island, and the consent was expressed by resolution of the General Assembly. The party there, being the sovereign power, was competent to cure the defect of want of jurisdiction of the subject-matter as well as to represent the public, the party adversely interested to the appellant.

In the case at bar, the appellee has not the power to confer jurisdiction upon this court either expressly or by waiving a statutory provision which is an essential prerequisite to its exercise.

The motion to dismiss must be granted.

*Albert B. Crafts*, for appellant.

*George T. Brown*, for appellee.