**JEFF ANTHONY PROPERTIES**

v.

**The ZONING BOARD OF REVIEW OF THE TOWN OF NORTH PROVIDENCE et al.**

No. 2003–356–M.P.

Supreme Court of Rhode Island.

June 24, 2004.

1227

Robert J. Cosentino, Esq., Providence, for Plaintiff.

William A. Gosz, Esq., Providence, Maria Barbato, Esq., for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY, and SUTTELL, JJ.

## OPINION

PER CURIAM.

The plaintiff, Jeff Anthony Properties (Anthony Properties or plaintiff), seeks review by writ of certiorari of a Superior Court judgment dismissing its complaint and granting summary judgment. The Superior Court granted summary judg-

ment in favor of Robert P. Barbato and Maria Barbato, intervenors in the plaintiff's appeal from a decision of the Zoning Board of Review of the Town of North Providence (the zoning board), on the grounds that the plaintiff failed to perfect the appeal.

This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of the litigants and examining the record and the memoranda filed by the parties, we are of the opinion that cause has not been shown. Because we hold that a statutory ten-day notice requirement is not jurisdictional, particularly when an ambiguity exists in its text, we quash the judgment of the Superior Court.

### Facts and Travel

Anthony Properties filed an application with the zoning board in March 2002 for a special-use permit or variance to construct a one-story addition to an existing structure at 1385 Mineral Spring Avenue in the town of North Providence. The relief requested included an extension of the zoning district and an extension to a legal, nonconforming use. A hearing on the application was held on June 20, 2002, before the zoning board. The intervenors, Maria and Robert P. Barbato (the Barbatos or intervenors), own abutting property.[1] At the hearing, the Barbatos presented a real estate consultant and a traffic engineer to testify against the application. The zoning board made its decision denying Anthony Properties' application on August 20, 2002. The decision was recorded with the town clerk for North Providence on August 27, 2002.

---

1. Maria Barbato owns property at 1375–1381 Mineral Spring Avenue, although notice was mistakenly sent to Donald Barbato, a previous owner, from information provided by the town.

In its decision denying the application, the zoning board found that granting the special-use permit would adversely affect the property values in the surrounding area and increase the traffic congestion at an adjacent intersection. The zoning board also found that Anthony Properties' proposed use did not comply with the town's comprehensive plan. The five members of the zoning board voted unanimously to deny the application.

Anthony Properties appealed the zoning board's decision by filing a complaint in Superior Court on September 9, 2002, within the time prescribed for appeals by G.L.1956 § 45–24–69(a).[2] The next day, Anthony Properties had a constable serve each member of the zoning board with a summons and a copy of the Superior Court complaint. Also, on October 22, 2002, Anthony Properties sent notice to nearby landowners as required by § 45–24–69.1, which provides in pertinent part as follows:

"**Appeals—Notice of appeals to superior court.**—(a) Whenever an aggrieved party appeals a decision of a zoning board of review to the superior court pursuant to the provisions of § 45–

24–69, the aggrieved party shall also give notice of the appeal to those persons who were entitled to notice of the hearing set by the zoning board of review. The persons entitled to notice are set forth and described in § 45–24–53.

"(b) Notice of the hearing shall be mailed to those parties described in § 45–24–53 within ten (10) business days of the date that the appeal is filed in superior court not counting Saturdays, Sundays, or holidays. Notice shall be sent by first-class mail, postage prepaid, and the cost of the notice shall be borne by the aggrieved party filing the appeal in superior court."

According to the terms of § 45–24–69.1, Anthony Properties was required to send notice to those parties described in § 45–24–53 within ten business days of filing the appeal. Anthony Properties timely filed its complaint[3] in Superior Court on September 9, 2002. It failed, however, to send timely notice of the appeal; rather, it sent notice of the appeal to the Barbatos and twenty other persons "entitled to notice" on October 22, 2002. Anthony Properties recognizes that it sent its notice of appeal

2. General Laws 1956 § 45–24–69(a) provides:

"**Appeals—Appeals to superior court.**—(a) An aggrieved party may appeal a decision of the zoning board of review to the superior court for the county in which the city or town is situated by filing a complaint stating the reasons of appeal within twenty (20) days after the decision has been recorded and posted in the office of the city or town clerk. The decision shall be posted in a location visible to the public in the city or town hall for a period of twenty (20) days following the recording of the decision in the office of the city or town clerk. The zoning board of review shall file the original documents acted upon by it and constituting the record of the case appealed from, or certified copies, together with other facts that may be pertinent, with the clerk of the court within thirty (30) days after being served with a copy of the complaint. When

the complaint is filed by someone other than the original applicant or appellant, the original applicant or appellant and the members of the zoning board are made parties to the proceedings. The appeal shall not stay proceedings upon the decision appealed from, but the court may, in its discretion, grant a stay on appropriate terms and make any other orders that it deems necessary for an equitable disposition of the appeal."

3. The complaint states that "[t]his action is an appeal from a Decision of the ZONING BOARD OF REVIEW OF THE TOWN OF NORTH PROVIDENCE." The complaint goes on to specify the dates of the hearing before the zoning board and when it issued its decision. The complaint further sets out Anthony Properties' reasons for appeal. The zoning board filed an answer to the complaint on September 26, 2002.

from the zoning board decision after the ten-day period prescribed by § 45–24–69.1 had passed, but argues that the Barbatos received notice of the appeal in time to participate fully in all proceedings before Superior Court, despite the late notice.

After receiving notice, the Barbatos filed a motion to intervene in the Superior Court proceedings, which motion was granted on November 14, 2002. On three occasions, October 18, 2002, November 22, 2002, and December 13, 2002, the matter came before the court on plaintiff's motion for a briefing schedule and to assign for a decision, but each time was continued. Then on January 7, 2003, the intervenors moved for summary judgment for the reason that Anthony Properties failed to give notice to abutters within ten days of filing its complaint as required by § 45–24–69.1. They also argued that Anthony Properties failed to proffer its affidavit attesting to compliance with the notice requirement within twenty days as required by § 45–24–69.1(d).[4]

Anthony Properties objected to the motion, asserting that the Barbatos received notice of the zoning appeal in time to participate in all proceedings in Superior Court and that the Barbatos could not show they were prejudiced by the lack of notice of the appeal within the ten-day period. The motion was heard in Superior Court on May 13 and May 29, 2003, after which the hearing justice dismissed Anthony Properties' complaint and granted summary judgment to the Barbatos. The hearing justice reasoned that

"the entire statutory scheme needs to be strictly construed, and there is no reason to believe on the information I have, and looking at the mandatory language of the statute, coupled with the exclusive town requirements, that [it] is not to be enforced. Therefore, I think as plaintiff's [sic] did not properly affect the appeal, I'll grant the Motion to Dismiss."

Anthony Properties petitioned this Court for a writ of certiorari, seeking to review the order and correct errors that it says occurred in the Superior Court. We granted the petition and issued the writ to enable the Court to review the record and determine whether the Superior Court judgment should be quashed.

## Discussion

■ On certiorari, we limit our review to examining the record for errors of law that may have occurred at the lower court. *Gregson v. Packings & Insulations Corp.*, 708 A.2d 533, 535 (R.I.1998); *Smith v. Zoning Board of Review of Westerly*, 111 R.I. 359, 367, 302 A.2d 776, 780 (1973). We do not weigh the evidence on certiorari, but only conduct our review to examine questions of law raised in the petition. *Boucher v. McGovern*, 639 A.2d 1369, 1373 (R.I.1994).

■ In this case, we are called upon to determine the strictness with which the

4. Section 45–24–69.1(d) requires:
 "Within twenty (20) days after a notice as described in this section is sent, the aggrieved party shall file an affidavit with the court indicating and/or containing:
 (1) A complete list of all the names and addresses of the intended recipients of the notice of the hearing;
 (2) The date the notice was sent;
 (3) An affirmative *statement verifying* the notice was sent by first class mail, postage prepaid;
 (4) An affirmative statement verifying that each notice was sent in an envelope containing a return address and indicating the return address on the envelope;
 (5) A statement identifying all notices that were returned to the return address or not delivered for whatever reason and/or an affirmative statement indicating that all other notices have not been returned as of the date and time of the affidavit; and
 (6) A copy of the form of the notice shall be attached to the affidavit."

notice terms of § 45–24–69.1 must be applied. We are also called upon to determine whether the notice requirements are sufficiently clear so a party appealing from an adverse zoning decision can comply with those requirements. "This Court reviews questions of statutory interpretation *de novo.*" *Keystone Elevator Co. v. Johnson & Wales University,* 850 A.2d 912, 918 (R.I.2004) (citing *State v. Fritz,* 801 A.2d 679, 682 (R.I.2002)). "It is well settled that when the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Id.* (quoting *State v. DiCicco,* 707 A.2d 251, 253 (R.I. 1998)). "Moreover, when we examine an unambiguous statute, 'there is no room for statutory construction and we must apply the statute as written.'" *Id.*

 "If statutory provisions appear unclear or ambiguous, however, we shall examine the entire statute to ascertain the intent and purpose of the Legislature." *Cummings v. Shorey,* 761 A.2d 680, 684 (R.I.2000) (citing *DiCicco,* 707 A.2d at 253 n. 1). "In interpreting a statute, we must 'determine and effectuate the Legislature's intent and [ ] attribute to the enactment the meaning most consistent with its poli-·cies or obvious purposes.'" *Keystone Elevator Co.,* 850 A.2d at 923 (quoting *State v. Burke,* 811 A.2d 1158, 1167 (R.I.2002)). "In doing so, it is firmly established that we 'will not construe a statute to reach an absurd result.'" *Id.*

Section 45–24–69.1 is of fairly recent origin, having been enacted in 2001. *See* P.L.2001, ch. 209, § 2. Before this enactment, notice requirements for zoning appeals were governed by Rule 80(b) of the Superior Court Rules of Civil Procedure. *See Marteg Corp. v. Zoning Board of Review of Warwick,* 425 A.2d 1240, 1242 (R.I. 1981). Rule 80 is a rule of general application to administrative appeals, and "affords a uniform appellate procedure to be followed by those who seek a Superior Court review of an administrative appeal." *Marteg Corp.,* 425 A.2d at 1242. The more recent statute, § 45–24–69.1, applies specifically to zoning appeals.

 The motion justice framed the issue as jurisdictional: "It's simply, it seems to me, a question of whether the notice provision of the statute is [a] prerequisite to the jurisdiction of the Court." She later answered the question by noting that: "In this case the zoning appeals need to be perfected before this [c]ourt has jurisdiction." Ruling that plaintiff did not properly perfect its appeal, she dismissed its complaint. We disagree with her conclusion.

We previously have said that the procedure involved in the appeal of a zoning board decision is analogous to "that required to claim an appeal in this [C]ourt from a decision or judgment of a trial court." *Mauricio v. Zoning Board of Review of Pawtucket,* 590 A.2d 879, 880 (R.I. 1991).

> "As the filing of a notice of appeal is a sine qua non in order to invoke the jurisdiction of the Supreme Court for appellate purposes, the filing of a notice of appeal with the clerk of the Superior Court for the appropriate county is an essential condition precedent to the invoking of the jurisdiction of the Superior Court to review a decision of a zoning board. In both instances the necessary act is the filing, not the mailing or sending notice to an adversary. Only the filing sustains the validity of the appeal if made within the required period." *Id.*

 The principles underlying the jurisdiction of a court to hear a particular matter are well established.

> "Two things must concur to give a court jurisdiction of a cause. The power

constituting the court must have authorized it to try causes of that nature, and the parties interested or the thing in dispute must be before it. The parties either may be brought in by process, or they may come voluntarily; the power to try and determine and to enforce its decision must be given by the constitution or the legislature. In Rhode Island the constitution provides that the several courts shall have such jurisdiction as may from time to time be prescribed by law." *Kenyon v. Probate Court of West Greenwich,* 17 R.I. 652, 654, 24 A. 149, 150 (1892) (citing article 10, section 2, of the Rhode Island Constitution).

The appellate jurisdiction of the Superior Court in zoning matters is invoked pursuant to § 45–24–69(a), which provides in part:

"An aggrieved party may appeal a decision of the zoning board of review to the superior court for the county in which the city or town is situated by filing a complaint stating the reasons of appeal within twenty (20) days after the decision has been recorded and posted in the office of the city or town clerk."

The appellate framework was amended in 2001 by the enactment of § 45–24–69.1, effective January 1, 2002, which provides that "the aggrieved party shall also give notice of the appeal to those persons who were entitled to notice of the hearing set by the zoning board of review." Section 45–24–69.1(a).

We agree with the motion justice that the Legislature intended to change the procedure and "tighten up this area by passing the legislation in 2001." Before the amendatory enactment, Rule 80 largely governed appellate review of zoning board decisions. Rule 80(b) provides that "[a] copy of the complaint shall be served upon the governmental agency * * * and upon all other parties to the proceeding to be reviewed." The term "all other par-

ties" has been interpreted to mean all parties who appeared before the administrative agency as an adversary. *Caran v. Freda,* 108 R.I. 748, 752, 279 A.2d 405, 408 (1971). The rule, however, did not specify a time requirement, nor was an affidavit of compliance required to be filed.

Clearly, this procedure, as it relates to zoning appeals, was altered with the enactment of § 45–24–69.1. This amendment significantly expands the class of persons entitled to notice, and also specifies the information to be contained in the notice, requires that it be sent by first-class mail within ten business days of the date that the appeal is filed, and requires that an affidavit of compliance be filed within twenty days after notice is sent. We decline, however, to read a jurisdictional prerequisite into these provisions.

We recently had occasion to review a comparable statute conferring jurisdiction in the Superior Court of probate appeals. *See Griggs v. Estate of Griggs,* 845 A.2d 1006 (R.I.2004) (per curiam). General Laws 1956 § 33–23–1(a)(2) requires an aggrieved party, in addition to filing a claim of appeal within twenty days after execution of the Probate Court order, to file a certified copy of the record within thirty days after entry of the order. We held that such time requirements "are jurisdictional and may not be extended 'by a sympathetic trial justice.'" *Griggs,* 845 A.2d at 1009 (quoting *In re Estate of Speight,* 739 A.2d 229, 231 (R.I.1999) (per curiam)). Unlike the statute pertaining to zoning appeals, however, § 33–23–1(e) specifically states: "The deadline of subsections (a)(1) and (a)(2) of this chapter are jurisdictional and may not be extended by either the probate court or the superior court * * *."

Although the Legislature clearly stated that zoning appeals are to be "governed" by §§ 45–24–69 and 45–24–69.1, it did not

go so far as to denominate the notice provisions of § 45–24–69.1 as conditions precedent to jurisdiction. Absent clear statutory language that the ten-day notice requirement is jurisdictional, we conclude that a party's failure to so comply does not automatically require that it forfeit its right to appeal an adverse decision of a zoning board. We do not believe the Legislature intended such a draconian result.

Certainly a justice of the Superior Court would have the discretion to dismiss an appeal for failing to comply with the notice requirements of § 45–24–69.1. But such a ruling would be proper only after considering the reasons, if any, for lack of compliance, as well as any prejudice to the interested party who was not properly notified. Further, the dismissal would be subject to review by this Court.

We also decline to construe strictly against plaintiff a notice requirement when there exists an ambiguity in the statutory language. Section 45–24–69.1(b) sets a period of ten business days from the date the appeal is filed in Superior Court in which the aggrieved party must mail notice of "the hearing" to those people entitled to notice. The wording of § 45–24–69.1(b) does not specify that the aggrieved party send notice of the appeal, but of "the hearing." Standing alone, the requirement that notice of "the hearing" must be mailed within ten business days to all interested parties, such as the intervenors, creates an ambiguity because it is not clear to what "hearing" § 45–24–69.1(b) refers.

Section 45–24–69.1(a) says that "the aggrieved party shall also give notice of the appeal to those persons who were entitled to notice of the hearing set by the zoning board of review." Clearly, it makes no sense to give notice of the zoning board hearing within ten days of filing an appeal from the zoning board's decision. Thus, the "hearing" in § 45–24–69.1(b) necessarily contemplates a hearing in Superior Court, and seemingly would refer to "the date set for the hearing in the [S]uperior [C]ourt" language of § 45–24–69(b). Such a hearing, however, would not be scheduled within ten days of filing the appeal.

Here, the parties agree that a briefing schedule and hearing date had not yet been established when the case was dismissed on the Barbatos' motion for summary judgment. Thus, a notice about a hearing in Superior Court on the merits of the appeal could not have been sent because a hearing had not been set. Furthermore, after examining the notices and forms filed in Superior Court and served on the zoning board pursuant to the appeal, we cannot discern to what "hearing" § 45–24–69.1(b) refers. After the zoning board returned its decision to deny Anthony Properties' application, Anthony Properties began its appeal in Superior Court by filing a complaint. The civil case cover sheet specifies the parties by plaintiff and defendant, identifies that the case is a zoning appeal, that it does not require a jury trial, and that the sheet was filed by plaintiff's counsel. A Superior Court hearing date does not appear anywhere on the sheet. Similarly, there is no mention of an impending hearing on the summons that Anthony Properties served on the members of the zoning board. Nor does the complaint specify a hearing date. It is not a Superior Court requirement for zoning appeals that the complaint specify or even suggest a hearing date. See § 45–24–69(a). The complaint need state only the reasons of appeal and be filed within twenty days after the zoning board decision has been recorded. Id.

Arguably, plaintiff's notice is defective not because it was sent outside the ten-day period, as asserted by intervenors, but rather because it does not give notice of "the hearing" as required by § 45–24–69.1(b). Anthony Properties sent the "No-

tice of Appeal to Superior Court" to Robert Barbato on October 22, 2002. Anthony Properties does not deny intervenors' assertion that this notice was late. It argues, rather, that the late notice did not prejudice the Barbatos because they received notice in time to participate in all Superior Court proceedings. Anthony Properties did file a motion to assign the appeal to the formal and special cause calendar for a briefing schedule before the Barbatos' motion to intervene. However, that motion was continued for a hearing that was scheduled to take place on November 22, 2002, after the Barbatos' motion to intervene was granted. The motion to establish a briefing schedule was continued thereafter by agreement of the parties to December 13, 2002, and then to February 28, 2003. Ultimately, a briefing schedule was never established because intervenors filed their motion for summary judgment on January 7, 2003.

The parties agree that no hearing or briefing schedule had been established before the Barbatos intervened. Nor do intervenors say they were victims of prejudice. Had the appeal gone forward, they could have participated at every turn. But this fact does not settle the interpretation issue that confronts us. Anthony Properties still was required to notify the Barbatos of "the hearing" within ten days of filing the appeal in Superior Court according to § 45–24–69.1(b), whatever that "hearing" might mean.

We recognize that it is likely that the provision merely contains a mistake. The previous subsection, § 45–24–69.1(a), requires the aggrieved party to "give notice of *the appeal* to those persons who were entitled to notice of the hearing set by the zoning board." (Emphasis added.) The subsection includes no time requirement, however. This leads us to conclude that the next subsection, § 45–24–69.1(b), includes the requirement mandating within

what time period, ten business days, the same notice must be sent. However, the subsection does not refer to the same notice, *i.e.*, "notice of the appeal," but instead requires that an aggrieved party send notice of "the hearing." It seems probable that the drafters simply made a mistake and substituted the word "hearing" for "appeal" when drafting § 45–24–69.1(b). As it stands, the "hearing" is a signifier without a signified.

In the circumstances of this case, in which the motion justice found that the intervenors "weren't prejudiced," and the statutory language itself is imprecise about what "hearing" is to be the subject of a notice, we hold that the motion justice erred by dismissing the appeal on jurisdictional grounds.

### Conclusion

For the reasons stated herein, we quash the judgment of the Superior Court. The record shall be remanded to the Superior Court with our decision endorsed thereon.