DECISION
This matter is before the Court on the appeal of Thomas French ("Appellant") from a decision of the Zoning Board of Review for the City of Warwick ("Board"). The Board granted zoning relief to Co-Respondent Alexie Sotski which legitimized or legalized an existing two-family dwelling. Jurisdiction is pursuant to G.L. (1956) § 45-24-69.[1]
 Facts and Travel
Sotski owns real property located at 84 Huron Street in the City of Warwick, Rhode Island, otherwise identified as Warwick Assessor's Plat 376, Lot 298 ("Property"). The Property is zoned Residential A-7.[2] Sotski applied to the Board for zoning relief pursuant to the Warwick Zoning Ordinance ("Ordinance") § 906.1. In compliance with Ordinance § 906.2(B), the Board conducted a public hearing on Sotski's petition on January 11, 2005.
At the hearing, the Board first heard testimony from Attorney Daniel Flaherty ("Flaherty"), on behalf of Sotski. Flaherty testified that Sotski was seeking to reinstate the Zoning Board's previous approval that the Property could be used as a two-family dwelling. Flaherty submitted supporting documentation that such a use was approved by the Zoning Board in 1990. In addition, Flaherty provided photographs revealing the presence of two gas and electric meters. It appears from the record that the Board agreed with Flaherty's assertion. In fact, the Board noted that the Sotski dwelling had been a two-family home for thirty to forty years.
Flaherty further explained that the Zoning Board's 1990 decision was never recorded by the prior owner, and when Sotski sought a building permit to raise the second floor ceiling of the dwelling to comply with the City of Warwick Building Code, the Building Inspector determined that the Zoning Board's previous approval legitimizing the two-family use of the Property had lapsed. The Inspector directed Sotski to file a new application with the Board to reinstate the prior approval.
Additionally, Flaherty elaborated that the building envelope was to remain the same; that many two-family homes exist in the area on similar lot sizes; and that Sotski's property provided four off-street parking spaces as required by Ordinance § 502.3(C) for a two-family dwelling. In closing, Flaherty emphasized that the relief being sought would in no way change the character of neighborhood.
Appellant Thomas French, an abutting property owner, was the only objector to speak at the hearing. Appellant primarily complained of inadequate off-street parking to support a two-family dwelling. The Board disagreed with Appellant's contention asserting that it had viewed the Property in question and visitors, like in any other neighborhood, must park on the street. Appellant lastly complained that Oakland Beach was already overbuilt. No one else spoke at the hearing.
After consideration of the testimony presented at the public hearing and of the documentation provided in support of the application, and based upon its familiarity with the Property and surrounding neighborhood, the Board unanimously granted Sotski's petition. On February 15, 2005, the Board issued its written decision.
Pursuant to Ordinance § 908 and G.L. (1956) § 45-24-69, Appellant, on February 23, 2005, timely filed the instant appeal in the Kent County Superior Court. After receiving the briefs submitted by all parties, the Court is now prepared to render its decision on the merits of the appeal.
 Standard of Review
Section 45-24-69 confers jurisdiction on the Superior Court to review the decision of a zoning board. Section 45-24-69(d) provides in relevant part:
 The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions, or decisions which are:
 (1) In violation of constitutional, statutory, or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
"[T]he Superior Court reviews the decisions of a plan commission or board of review under the "traditional judicial review" standard applicable to administrative agency actions." Restivov. Lynch, 707 A.2d 663, 665 (R.I. 1998). The Superior Court "lacks [the] authority to weigh the evidence, to pass upon the credibility of witnesses, or to substitute his or findings of fact for those made at the administrative level." Id. at 665-66 (quoting Lett v. Caromile, 510 A.2d 958, 960 (R.I. 1986)).
"The trial justice may not substitute [his or her] judgment for that of the zoning board if [he or she] can conscientiously find that the board's decision was supported by substantial evidence in the whole record." Mill Realty Assocs. v. Crowe,841 A.2d 668, 672 (R.I. 2004) (quoting Apostolou v. Genovesi,120 R.I. 501, 508, 388 A.2d 821, 824-25 (1978)). "Substantial evidence means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion, and means an amount more than a scintilla but less than a preponderance." Lischio v.Zoning Board of Review, 818 A.2d 685, 690, n. 5 (R.I. 2003) (quoting Caswell v. George Sherman Sand Gravel Co.,424 A.2d 646, 647 (R.I. 1981)).
 Notice
"Whenever an aggrieved party appeals a decision of a zoning board of review to the Superior Court pursuant to the provisions of § 45-24-69, the aggrieved party shall also give notice of the appeal to those persons who were entitled to notice of the hearing set by the zoning board of review." G.L. (1956) §45-24-69.1(a). "Notice of the appeal shall be mailed . . . within ten (10) business days of the date that the appeal is filed in superior court." G.L. (1956) § 45-24-69.1(b). Lastly, within twenty (20) days after notice is sent, the aggrieved party shall file an affidavit with the superior court indicating compliance. G.L. (1956) § 45-24-69.1(d).
As correctly noted by the Appellees, the Appellant in this case has not indicated or evidenced compliance with G.L. (1956) §45-24-69.1, with the filing of his appeal. Because of this notice deficiency, Appellees urge the Court to compel Appellant to notify abutters of his appeal, prior to rendering a decision.
Our Supreme Court has indicated that failure to comply with this statutory notice requirement is not jurisdictional and does not in and of itself cause an aggrieved party to forfeit his right to appeal an adverse decision of a zoning board. JeffAnthony Properties v. Zoning Board of Review, 853 A.2d 1226,1231 (R.I. 2004). However, in that case, the Court also stated "[c]ertainly a justice of the Superior Court would have the discretion to dismiss an appeal for failing to comply with the notice requirements of § 45-24-69.1. But such a ruling would be proper only after considering the reasons, if any, for lack of compliance, as well as any prejudice to the interested party who was not properly notified." Id.
Although Appellant has offered no justification for his failure to comply with the notice mandates of § 45-24-69.1, dismissal would be improper in this case because there is no prejudice to any interested parties. As stated above, in accordance with Ordinance § 906.2(B), all interested persons, specifically owners within a 200 foot radius of the subject property, were sent notice of Sotski's petition for zoning relief which contained the date, time and place of the Zoning Board hearing. Notice of the hearing was also advertised in the Warwick Beacon two weeks before the hearing. Any interested party, including objectors, had an opportunity to be heard by the Board on January 11, 2005. With the exception of the Appellant, no one appeared to object. Those receiving notice of the January 11th hearing who chose not to appear or to otherwise object did so knowing that the Board could grant Sotski's petition. Their declination of involvement below suggests a lack of interest in the merits of Sotski's request for zoning relief. For this reason, the Court finds that those abutters who did not receive proper notice of Appellant Thomas French's Superior Court appeal are not prejudiced since they have expressed no prior interest in Sotski's petition. Accordingly, this Court declines to compel further notice to abutters.
 The Decision of the Board
On appeal, Appellant contends that the Board's decision was not supported by competent evidence and was clearly erroneous in view of the reliable, probative, and substantial evidence on the record. Specifically, Appellant argues that Sotski failed to present any evidence other than proposed evidence in the form of Flaherty's opening statement. Highlighting the fact that Sotski himself never testified, Appellant suggests that Sotski failed to sustain his burden at the hearing. Lastly, Appellant contends that the Board abused its discretion in granting Sotski's petition since no evidence was presented. Appellant asks this Court to reverse the Board's decision and find that the Board's decision was not supported by substantial evidence, constituted an abuse of discretion or was arbitrary, capricious and effected by error of law.
The Board responds that its decision is based upon reliable and prohibitive evidence entered into the record. The Board argues that there was sufficient evidence entered into the record by Sotski through Flaherty to support its decision. Accordingly, the Board asks the Court to sustain its decision granting Sotski his relief on the basis that sufficient and reliable and prohibitive evidence was entered into the record to support its decision.
The Court has carefully reviewed the arguments raised by all parties and the entire record of the proceedings before the Board. Before the Court can determine whether the grant of the Sotski's petition for zoning relief is supported by substantial evidence on the record, the Court must verify that the decision issued by the Board meets the minimum requirements set forth in Ordinance § 903.5(A) and G.L. (1956) § 45-24-61(a).
Ordinance § 903.5(A) and G.L. (1956) § 45-24-61(a) require the Board to issue a written decision either affirming or denying a request for zoning relief. The decision must include "all findings of fact and conditions, the vote of each participating member, and the absence of a member or his or her failure to vote." Id. "When the board fails to state findings of fact, the court will not search the record for supporting evidence or decide for itself what is proper [under] the circumstances." von Bernuth v. Zoning Board of Review,770 A.2d 396, 401 (R.I. 2001) (quoting Irish Partnership v. Rommel,518 A.2d 356, 359 (R.I. 1986)).
After reviewing the Board's decision, the Court is satisfied that the findings of fact sufficiently explain the basis for the Board's approval. The Board made specific factual findings as to the relief sought by Sotski. First, the Board found the Property located in a Residential A-7 zone; second, the Board found that Sotski proposed the legitimization of a long existing two-family dwelling noting that the only change being requested was elevation of the ceiling height on the second floor to bring it into conformity with the Building code; third, the Board found that the Property was approved as a two-family dwelling by the Zoning Board in 1990; fourth, the Board found that the Property had existed as a two-family dwelling for many years prior to its first legalization in 1990; fifth, the Board found that the Property was taxed as a two family dwelling; and sixth, the Board found that two electric services and two gas services ran to the Property.
The Court disagrees with the Appellant and concurs with the Board that sufficient testimonial and documentary evidence was entered into the record by Sotski through Flaherty. For the foregoing reasons, the Court finds that substantial evidence exists on the record to support the Board's findings. Therefore, the Court finds the decision issued by the Board is in compliance with Ordinance § 903.5(A) and G.L. (1956) § 45-24-61(a) because it sets forth in sufficient detail the findings of fact the Board relied on in granting Sotski's petition.
 Zoning Relief
As previously stated, the Property is zoned Residential A-7 which allows for one single-family dwelling per lot with minimum acreage of 7,000 square feet. Were Sotski seeking to construct a two-family dwelling in an A-7 Residential zone he would need relief in the form of a special use permit.[3] Moreover, were Sotski seeking permission to construct a property identical to his existing two-family home in its current location, his proposal would have less than the minimal set back requirements as set forth in Ordinance § 502, thus necessitating the grant of a dimensional variance. In issuing its decision the Board did grant Sotski a special use permit in conjunction with a dimensional variance.
Our Supreme Court has previously held that the Board cannot properly grant a special use permit in conjunction with a dimensional variance under the Ordinance. Newton v. Zoning Boardof Review, 713 A.2d 239, 242 (R.I. 1998) (confirming that the special use permit section of the Ordinance does not incorporate G.L. (1956) § 45-24-42(c) allowing for a joint grant of a dimensional variance and a special use permit). However Sotski, is not, in actuality, seeking this type of zoning relief. Rather, he wishes, in essence, to simply have the Board formally recognize his lawful, pre-existing two-family dwelling, the same recognition the Zoning Board afforded him in 1990. "[I]t is well settled that this Court may sustain a correct judgment `even if it was reached through faulty reasoning or mistake of law.'"Jeff Anthony Properties v. Zoning Board of Review, No. 02-5059, 2005 R.I. Super. LEXIS 60 at 11-13 (April 29, 2005) (citingMesolella v. City of Providence, 439 A.2d 1370, 1373 (R.I. 1982).
Section 45-24-31(49) and Ordinance § 200.106 define "nonconformance" as "[a] building, structure, or parcel of land, or use thereof, lawfully existing at the time of the adoption or amendment of a zoning ordinance and not in conformity with the provisions of such ordinance or amendment."[4] Any city or town can regulate any use lawfully existing but which is nonconforming. G.L. (1956) § 45-24-39(a). Nonconforming uses, however, cannot be abrogated by the adoption of a zoning ordinance or amendment. G.L. (1956) § 45-24-39(b) (zoning ordinance shall permit the continuation of nonconforming development). Moreover, a mere change in ownership does not destroy the nonconforming use. Town of Coventry v. Glickman,429 A.2d 440, 441 (R.I. 1981).
It is important to note that the term "nonconforming" indicates a use that preceded and is not subject to a later-adopted zoning ordinance. Town of Scituate v. O'Rourke, 239 A.2d 176, 178
(R.I. 1968) (nonconforming use is a particular use which does not conform to zoning restrictions applicable to certain property but which is protected against restrictions because it existed lawfully prior to effective date of zoning ordinance and has continued unabated since that time). The use prior to the zoning change must have been lawful in order to acquire nonconforming status after the change. O'Rourke, 239 A.2d at 180 (failure to comply with requirements of junkyard ordinance precluded landowners from acquiring protective status of valid nonconforming use). In addition, all uses lawfully carried on pursuant to the former ordinance, and all special exceptions and variance previously granted, which are not authorized by the new ordinance, become legal nonconforming uses. Health Havens, Inc.v. Zoning Board of Review, 221 A.2d 794 (R.I. 1966).
Certain findings of fact made by the Board which are more than supported by the record are decisive. As stated above, the Board found that Sotski proposed the legitimization of a pre-existing two-family dwelling; that the Property was previously recognized as a two-family dwelling by the Zoning Board in 1990; and that there was evidence that the Property had existed as a two-family dwelling for many years prior to its first legalization in 1990. Implicit in the 1990 decision was the previous Zoning Board's recognition that the Property's use as a two-family dwelling was lawful. That decision predated the adoption of Warwick's current Zoning Ordinance which became effective on December 31, 1994. According to Ordinance § 402.2 [n]othing in this ordinance shall prevent or be construed to prevent the continuance of a nonconforming use of any building or structure for any purpose to which such building or structure was lawfully established." Thus, the Property constituted then and continues to constitute now an existing, lawful, nonconforming use. As such Mr. Sotski does not need a special use permit or a dimensional variance.
Additionally, Ordinance § 402.3 states that "[a] building or structure containing a nonconforming use may be maintained and repaired except as otherwise provided in this section." As noted by the Board, the only modification Sotski requested was permission to raise the ceiling height on the second floor to bring it into conformity with the Warwick Building Code. The Building Inspector erred in reasoning that a legal pre-existing nonconforming use could lapse and further erred in denying Sotski's request for a building permit.
 Conclusion
For all of the foregoing reasons, the Court finds that although the Board's reasoning was flawed, its decision was correct. Moreover, its decision was supported by reliable, probative, and substantial evidence on the record, that it did not constitute an abuse of discretion, nor was it arbitrary, capricious or effected by error of law. Substantial rights of the Appellant have not been prejudiced. Accordingly, the decision of the Board granting Sotski's petition is hereby affirmed. Counsel shall submit an appropriate form of judgment for entry.
[1] Appellant's appeal erroneously lists G.L. (1956) §45-24-20, as amended, as the statute for the Court's subject matter jurisdiction.
[2] Warwick Zoning Ordinance ("Ordinance") § 301.5 defines the Residential A-7 zoning district as properties used for high density residential use, comprising of not more than one single-family dwelling unit per lot area measuring a minimum of 7,000 square feet.
[3] Ordinance Table 1 — Use Regulations # 102 (properties located within the residential A-7 zoning district are allowed to be used as a two-family dwellings by special use permit only).
[4] Ordinance § 401.1 states that "[a] building, structure, sign, or parcel of land, or use thereof, was lawfully existing or lawfully established if it was in existence prior to March 22, 1957, or was established in conformance with the zoning ordinance in effect at the time the use was first established."