DECISION
Before the Court is an appeal of a decision of the City of Cranston Zoning Board of Review (Zoning Board). The Appellants2500Angelo Palazzo, Michelle Palazzo, and the Palazzo Family Trust2500seek reversal of the Zoning Board decision, denying their application for dimensional and intensity relief to move a house onto an undersized lot. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.
 Notice of Appeal
As a preliminary matter, this Court at the outset notes that the record before it contains no notice of appeal as required by Rhode Island General Laws § 45-24-69.1. Section 45-24-69.1, effective January 1, 2002, requires an aggrieved party, within ten days of the date the zoning appeal is filed in Superior Court, to give notice of that appeal "[t]o those persons who were entitled to notice of the hearing set by the zoning board of review." In Jeff Anthony Properties v. The Zoning Board ofReview of the Town of North Providence, our Supreme Court declined to read a jurisdictional prerequisite into said notice, noting that "a party's failure to so comply does not automatically require that it forfeit its right to appeal an adverse decision of a zoning board." 853 A.2d 1226, 1232 (R.I. 2004); see also Robert M. Duffy v. Larry Milder, No. 2004-256-A., slip op. at 10 n. 14 (R.I., filed April 14, 2006) (restating that said notice section is not a prerequisite to jurisdiction so lack of such notice will not automatically result in dismissal). However, our Supreme Court thereafter cautioned that "a justice of the Superior Court would have the discretion to dismiss an appeal for failing to comply with the notice requirements of § 45-24-69.1" after it "considered the reasons, if any for lack of compliance, as well as any prejudice to the interested party who was not properly notified." Jeff AnthonyProperties, 853 A.2d at 1232.
In its review of the matter before it, this Court finds that the record does not contain the affidavit required to be filed in this Court pursuant to § 45-24-69.1 and evidencing compliance with the dictates of § 45-24-69.1(d). Therefore, this Court is statutorily precluded from continuing its review.
Accordingly, the parties are hereby requested to schedule a hearing before this Court regarding the reasons for said failure to comply with the notice requirements of § 45-24-69.1 and for this Court's consideration of any prejudice resulting therefrom.
Counsel shall submit the appropriate order for entry.