DECISION
This matter comes before this Court on the appeal by Janet Rosati ("Appellant") of a decision by the Zoning Board of Review of the Town of Narragansett (the "Board") upholding the issuance of a building permit. The Board's written decision, dated June 22, 2006, was filed on July 5, 2006. Appellant filed a timely appeal to this Court on July 11, 2006. Jurisdiction is pursuant to G.L. 1956 § 45-24-69.[1] *Page 2 
 Facts and Travel
Appellee Boston Neck Investments, LLC ("Boston Neck") owns real estate located at 665 Boston Neck Road, Narragansett, Rhode Island (the "property"). The property contains a single-family dwelling at which Mr. David Giuliano ("Giuliano") resides with his wife. On December 8, 2005, the Board held a public hearing on Giuliano's application for a special use permit to construct a two-car garage as well as an addition to the structure's kitchen. The Board granted Giuliano's application at its meeting on January 19, 2006, and issued its written decision on March 13, 2006. Amongst the Board's factual findings, the Board specifically found that, although Giuliano had previously applied for a dimensional variance for a similar project, his "current application eliminates the need for a side-yard variance."
On March 31, 2006, Appellant — a neighbor owning property within 200 feet of the subject property — appealed the granting of the special use permit to this Court. That case was docketed as C.A. No. WC-2006-0207. Appellant did not request a stay of the Board's decision, and consequently, the Narragansett Building Official issued a building permit to Giuliano for the approved construction on April 25, 2006. Immediately thereafter, Appellant appealed the issuance of the building permit to the Board. After holding a public hearing, the Board upheld the issuance of the building permit and issued a written decision on June 22, 2006. The instant case is Appellant's appeal of this decision.
Meanwhile, Appellant's appeal of the granting of the special use permit had been pending before another Justice of this Court. A briefing schedule had been set, requiring Appellant to submit a brief "not later than 30 days from June 19, 2006." Appellant never *Page 3 
filed a memorandum of law, and on August 21, 2006, this Court granted Giuliano's motion to dismiss for Appellant's failure to file a memorandum of law.
 Analysis
On appeal, Appellant argues that Giuliano's proposed construction requires a dimensional variance from the Board in addition to a special use permit. According to Appellant, the building permit issued to Giuliano is invalid as the Board did not grant dimensional relief along with the special use permit. Appellant also argues that the Board has misapplied the Narragansett Zoning Ordinance's provisions relating to the expansion of a nonconforming use. Giuliano and the Board argue that Appellant's claims are barred by the doctrine of res judicata because the issue of dimensional relief should have been raised in Appellant's prior appeal of the granting of the special use permit.
"The doctrine of res judicata operates as an absolute bar to a cause of action where there exists `(1) identity of parties, (2) identity of issues and (3) finality of judgment.'" Hebert v. Ventetuolo,480 A.2d 403, 405 (R.I. 1984). Application of res judicata "renders a previous judgment conclusive with respect to any claims or defenses that a party raised of could have raised" in a previous action. Town of Richmond v.Wawaloam Reservations, Inc., 850 A.2d 924, 932 (R.I. 2004). "The fact that the original action resulted in a default judgment does not render it any less conclusive an adjudication for purposes of res judicata."Zalobowski v. New England Teamsters Trucking Indus. Pension Fund, 122 R.I. 609, 612, 410 A.2d 437, 437 (1980).
Here, the parties in the instant appeal are the same as those in Appellant's previous appeal of the granting of a special use permit. Identical issues are involved as the resolution of each case would turn on whether or not Giuliano's proposed *Page 4 
construction requires dimensional relief from the Zoning Ordinance and whether the Board properly interpreted its provisions concerning expansion of nonconforming uses. The order granting Giuliano's motion to dismiss Appellant's previous appeal is functionally equivalent to a default judgment for failure to answer a case. Based on the foregoing, this Court finds that the doctrine of res judicata applies to the instant case and that Appellant's claims are therefore barred.
 Conclusion
Accordingly, the Board's decision is affirmed. Counsel shall submit an appropriate order for entry in accordance with this Decision.
[1] This Court notes that Appellant failed to comply with G.L. 1956 § 45-24-69.1(d), which states that an aggrieved party "shall" file an affidavit with this Court — attesting that proper notice had been given to various interested parties — within twenty days after serving notice of its appeal. Although the requirements set forth in § 45-24-69.1 are not jurisdictional in nature, Appellants' failure to comply with those requirements provides this Court with discretion to dismiss their appeal. See Jeff Anthony Properties v. Zoning Bd. of Review of the Townof North Providence, 853 A.2d 1226, 1231-32 (R.I. 2004) (holding that dismissal is permissible only after giving due consideration to the reasons for a party's failure to comply with § 45-24-69.1, along with any prejudice to the party that was not properly notified). Given that the Board has not objected to Appellant's violation of statutory provisions, this Court finds that the Board has not been prejudiced thereby and therefore declines to exercise its discretion to dismiss the appeal. *Page 1